IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUANTLAB TECHNOLOGIES LTD. (BVI) AND QUANTLAB FINANCIAL, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> VITALIY GODLEVSKY, ANDRIY KUHARSKY, ANNA MARAVINA, PING AN, EMMANUEL MAMALAKIS, AND SXP ANALYTICS, LLC, <br><br> Defendants. | § § § § § § § § § § § § § § | CIVIL ACTION NO. H-09-4039 <br><br><br> JURY DEMANDED |

### PLAINTIFFS' FIRST SET OF INTERROGATORIES
### TO DEFENDANT SXP ANALYTICS, LLC

To:   Defendant SXP Analytics, LLC, by and through its attorneys of record, James J. Cleary, Jr., MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P., 808 Travis, Suite 1800, Houston, Texas 77002 and David G. Hanson, Mark Cameli, and Amy L. Lindner, REINHART BOERNER VAN DEUREN, S.C., 1000 North Water Street, Suite 1700, Milwaukee, Wisconsin 53202

Pursuant to Federal Rule of Civil Procedure 33, Plaintiffs Quantlab Technologies Ltd. (BVI) and Quantlab Financial, LLC (collectively, "Quantlab") serve the following interrogatories on Defendant SXP Analytics, LLC ("SXP"). The interrogatories shall be answered separately and fully in writing and under oath within thirty (30) days after service.

### DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions apply to Quantlab's First Set of Interrogatories to SXP:

1.   "Person" means any natural person, firm, partnership, corporation, unincorporated association, organization, governmental body, cooperative or other form of legal entity.


EXHIBIT 2

2.     "You" or "your" and "SXP" refer to Defendant SXP Analytics, LLC, its subsidiaries, affiliates, and any or all persons acting or purporting to act on behalf of SXP with respect to the subject matter of this lawsuit, including without limitation Emmanuel Mamalakis and Vitaliy Godlevsky.

3.     "Quantlab" refers to Quantlab Financial, LLC, and Quantlab Technologies Ltd. (BVI) collectively and any or all persons acting or purporting to act on behalf of Quantlab with respect to the subject matter of this lawsuit.

4.     "Godlevsky" refers to Defendant Vitaliy Godlevsky and any or all persons acting or purporting to act on behalf of Godlevsky with respect to the subject matter of this lawsuit.

5.     "Kuharsky" refers to Defendant Andriy Kuharsky and any or all persons acting or purporting to act on behalf of Kuharsky with respect to the subject matter of this lawsuit.

6.     "An" refers to Defendant Ping An, and any or all persons acting or purporting to act on behalf of An with respect to the subject matter of this lawsuit.

7.     "Maravina" refers to Defendant Anna Maravina, and any or all persons acting or purporting to act on behalf of Maravina with respect to the subject matter of this lawsuit.

8.     "Mamalakis" refers to Defendant Emmanuel Mamalakis and any or all persons acting or purporting to act on behalf of Mamalakis with respect to the subject matter of this lawsuit.

9.     "High frequency trading" means buying and selling the same security on the same day or intraday trading.

10.    "Trading strategies" means strategies for applying mathematical models, statistical models, or other analytical tools to identify market mispricings, deviations from statistical pricing

patterns, market anomalies arising from supply and demand imbalances, or other factors that may allow a person to forecast what the price of various financial instruments will be in the future.

11. "Trading technology" means software (i.e., computer code) and/or hardware configurations that are used to implement trading strategies and execute trades.

12. "Automated trading" means using trading strategies that are reduced to mathematical formulas and algorithms and then translated into machine-readable executable code so that the buy/sell decisions are made by computers.

13. "Quantlab documents" means and includes any paper or electronic memorandum, item of correspondence, or a file relating to automated trading that was created by a Quantlab employee during the timeframe that he or she was employed by Quantlab.

14. "Computer code" means either source code or machine-readable executable code or both.

15. "Employees" means and includes both current and former employees.

16. "Computer" means and includes but is not limited to desktops, laptops, notebook computers, home computers, network servers, or mainframes.

17. "Electronic storage device" means any device that stores information in an electronic format and includes but is not limited to internal hard drives, external hard drives, USB "thumb" drives, Blackberrys, PalmPilots, MP3 players, iPods, cell phones, and pagers.

18. "Each" includes the word "every" and "every" includes the word "each." "Any" includes the word "all" and "all" includes the word "any." "And" includes the word "or" and "or" includes the word "and."

19. The terms "relate to" and "relating to" mean "refer to," "constitute," "contain," "mention," "reflect," "discuss," "concern" or "comment upon."

3

20.     The singular and masculine form or any noun or pronoun shall embrace—and be read and applied as embracing—the plural, the feminine, and the neutral, except where circumstances of the interrogatory clearly make it inappropriate.

21.     Whenever in these interrogatories there is a request to "identify" or to "set forth the identity" of a person who is an individual, the answering party shall state with respect to such individual: (i) his name; (ii) his current business or home address; (iii) his current business or home telephone number; (iv) his current or last known employer and his current or last known position with that employer.

22.     Whenever in these interrogatories there is a request to "identify" or "set forth the identity" of a person that is a business, corporation, partnership, or other entity, the answering party shall state with respect to such entity: (i) its full name; (ii) its mailing and street address; and (iii) its principal place of business.

23.     Unless conclusively negated by the context of the question, the above definitions and instructions apply to each interrogatory in this First Set of Interrogatories to SXP.

24.     You are requested and hereby reminded to fulfill your duty to supplement your answers to these interrogatories.

## QUANTLAB'S FIRST SET OF INTERROGATORIES TO SXP

**Interrogatory No 1:** Identify the specific asset classes that SXP has traded since its inception and, for each asset class, identify the specific timeframe (i.e., beginning and ending dates) during which SXP has traded that asset class.

**Interrogatory No 2:** Identify the particular financial markets on which SXP currently trades and, for each market, specify the percentage of SXP's total 2009 trading volume attributable to that financial market.

**Interrogatory No 3:** Identify any and all broker-dealers, service bureaus, clearing firms, sponsoring brokers, exchanges, or any other third party used to facilitate any aspect of your trading activities.

4

**Interrogatory No 4:** Identify the average frequency of SXP's trades for the years 2007, 2008, and 2009. In answering this interrogatory, please identify the average frequency for each particular year in a numerical measure of seconds, minutes, hours, or days.

**Interrogatory No 5:** Identify the particular investors in SXP's automated trading business (or trading fund) from the time of SXP's inception to present. For each investor, please specify the person's name, address, telephone number, and date and amount of initial investment.

**Interrogatory No 6:** Identify any and all computer files that contain any computer code or computer code fragments originally developed by Quantlab employees during their employment with Quantlab that have been, at any point in time, in the possession, custody, or control of SXP. For each document or file identified in your answer, please provide: the name or a detailed description of the document or file; the place and time at which it came into your possession, custody, or control; and the person(s) who provided it to you.

**Interrogatory No 7:** To the extent not encompassed by Interrogatory No. 6, identify any and all property (whether electronic or paper) belonging to Quantlab that has been, at any point in time, in the possession, custody, or control of SXP. For each piece of property responsive to this interrogatory, please provide: the name or a detailed description of the property; the place and time at which it came into your possession, custody, or control; and the person(s) who provided it to you.

**Interrogatory No 8:** Identify all Quantlab employees (current or former) with whom any employee, officer, or representative of SXP has discussed Quantlab's trading strategies or trading technology, specifying for each: the date and place of the discussion and the identity of the SXP employee, officer, or representative who participated in the discussion with the Quantlab employee.

**Interrogatory No 9:** For each computer or electronic storage device seized from SXP's offices by the Federal Bureau of Investigation ("FBI") in March 2008, identify: the manufacturer, model, and serial number of the computer or device; its physical location(s) since being returned to SXP; whether it has been used by SXP since being returned; and the primary user of that computer or device prior to its seizure by the FBI.

**Interrogatory No 10:** Identify all landline, digital, and mobile phone providers that SXP has contracted with (or otherwise used) for phone services since March 10, 2007, and identify the telephone numbers serviced by these providers for Mamalakis, Kuharsky, Godlevsky, and An during that time.

5

**Interrogatory No 11:** Identify all Internet and e-mail service providers that SXP has contracted with (or otherwise used) since March 10, 2007.

**Interrogatory No 12:** Identify each person who has written or otherwise contributed computer code for inclusion in SXP's trading technology.

**Interrogatory No 13:** Identify all SXP employees (current or former) who had access to any computer code or computer code fragments originally developed by Quantlab employees during their employment with Quantlab.

**Interrogatory No 14:** Identify each bank and other financial institution accounts used by SXP.

6

Respectfully submitted,

_TBL_ · FOR AHN

Allan H. Neighbors, IV
(Attorney-in-Charge)
Texas Bar No. 24033660
S.D. Tex. Bar No. 34398
LITTLER MENDELSON, P.C.
1301 McKinney, Suite 1900
Houston, Texas 77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)
aneighbors@littler.com

ATTORNEYS FOR PLAINTIFFS
QUANTLAB TECHNOLOGIES LTD. (BVI)
AND QUANTLAB FINANCIAL, LLC

OF COUNSEL:

**Tim McInturf**
Texas Bar No. 00788020
S.D. Tex. Bar No. 18058
QUANTLAB FINANCIAL, LLC
4200 Montrose Blvd.
Suite 200
Houston, Texas 77006
713.400.5917 (Telephone)
713.400.5918 (Facsimile)
tmcinturf@quantlab.com

**M. Scott McDonald**
Texas Bar No. 13555505
S.D. Tex. Bar No. 9500
smcdonald@littler.com
**Fazila Issa**
Texas Bar No. 24046136
S.D. Tex. Bar No. 566478
fissa@littler.com
**Tim Rybacki**
Texas Bar No. 24056248
S.D. Tex Bar No. 718501
trybacki@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney, Suite 1900
Houston, Texas 77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)

**Tim Headley**
Texas Bar No. 09325210
S.D. Tex. Bar No. 1003
THE TIM HEADLEY LAW FIRM
7941 Katy Freeway, Suite 506
Houston, Texas 77024
713.467.8500 (Telephone)
713.467.8501 (Facsimile)
HeadleyIPLaw@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that, on April 13, 2010, I served the foregoing Plaintiffs' First Set of Interrogatories to Defendant SXP Analytics, LLC on the following counsel of record

VIA HAND DELIVERY:

    James M. Cleary, Jr.
    Martin, Disiere, Jefferson & Wisdom, L.L.P.
    808 Travis, Suite 1800
    Houston, Texas 77002

VIA FACSIMILE AND U.S. MAIL:

    Joseph Y. Ahmad
    Todd W. Mensing
    Kinan H. Romman
    Ahmad, Zavitsanos & Anaipakos, P.C.
    1221 McKinney Street, Suite 3460
    Houston, Texas 77010

    Craig Alan Corsini
    Lapus, Greiner, Lai & Corsini, L.L.C.
    5800 Ranchester, Suite 200
    Houston, Texas 77036

    David Holmes
    Law Offices of David Holmes
    13201 Northwest Freeway, Suite 800
    Houston, Texas 77040

    David G. Hanson
    Mark Cameli
    Amy L. Lindner
    Reinhart Boerner Van Deuren, S.C.
    1000 North Water Street, Suite 1700
    Milwaukee, Wisconsin 53202

_____
Tim Rybacki

Firmwide:94865513.1 038021.1013