IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| QUANTLAB TECHNOLOGIES LTD. (BVI) AND QUANTLAB FINANCIAL, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>VITALIY GODLEVSKY, ANDRIY KUHARSKY, ANNA MARAVINA, PING AN, EMMANUEL MAMALAKIS, AND SXP ANALYTICS, LLC,<br><br>Defendants. | § § § § § § § § § § § § § § § §<br><br>CIVIL ACTION NO. H-09-4039<br><br>JURY DEMANDED |

### PLAINTIFFS' OBJECTIONS AND RESPONSES TO SXP AND MAMALAKIS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFFS

Plaintiffs Quantlab Technologies, Ltd. (BVI) ("QLT") and Quantlab Financial, LLC ("QLF") (collectively, "Quantlab") serve the following objections and responses to Defendants SXP Analytics, LLC ("SXP") and Emmanuel Mamalakis' First Set of Interrogatories and Requests for Production to Plaintiffs.

### GENERAL OBJECTIONS

Quantlab asserts the following general objections in response to every request in the First Set of Interrogatories and Requests for Production, and every answer or response set forth below by Quantlab is made subject to and without waiving these general objections:

1. Quantlab objects to SXP and Mamalakis' interrogatories and requests for production to the extent they seek information not in Quantlab's possession, custody, or control, or would seek to cause Quantlab to obtain documents not in their possession, custody, or control.

2. Quantlab objects to SXP and Mamalakis' interrogatories and requests for production to the extent they seek to expand the scope, definition, or requirements of; impose



EXHIBIT 4

RECEIVED
JAN 26 2012
JAMES M. CLEARY, JR.

burdens in excess of those permitted by; or seek documents pursuant to rules other than, the Federal Rules of Civil Procedure.

3. Quantlab objects to SXP and Mamalakis' interrogatories and requests for production to the extent they seek an exhaustive recitation of all facts or evidence supporting any of Quantlab's claims or contentions. Quantlab bases its interrogatory answers and responses to the requests for production on information Quantlab has obtained after a reasonable investigation. Quantlab reserves the right to supplement its answers and responses as appropriate in light of further investigation and discovery, including after it obtains evidence currently in the exclusive possession of the federal government.

4. Quantlab objects to SXP and Mamalakis' interrogatories and requests for production to the extent they purport to require Quantlab to extract data or other information from existing documents and organize and produce such data or information in a format other than a format in which that data or information currently exists.

5. To the extent that Quantlab specifies records from which a response to a request for production or an answer to an interrogatory may be ascertained, Quantlab does not waive any objection it may make to the introduction or use of such records as evidence in this case, including objections as to the authenticity of such records.

6. Quantlab advises SXP and Mamalakis that it will comply with Federal Rule of Civil Procedure 26 when asserting privileges. Quantlab emphasizes that any obligation to list particular documents or information on a privilege log is limited to documents and information that otherwise lie within the proper scope of discovery—*i.e.*, documents and information that are otherwise discoverable except for the applicable privilege. In the event that the Court overrules Quantlab's objections to any of SXP and Mamalakis' interrogatories or requests for production,

2

Quantlab reserves the right to then assert any applicable privileges and list documents or information on a privilege log in accordance with Federal Rule of Civil Procedure 26. *See, e.g., United States v. Philip Morris, Inc.*, 347 F.3d 951, 954 (D.C. Cir. 2003).

7. Quantlab has made a good faith effort to interpret SXP and Mamalakis' interrogatories and requests for production in a common sense manner consistent with the issues in this case. To the extent that SXP and Mamalakis believe Quantlab has used a different or unduly narrow construction of the language in a particular request or interrogatory, Quantlab objects to the request or interrogatory on grounds that it is vague and susceptible to differing interpretations, and on grounds that it is overly broad and seeks more information than is reasonable in the context of the issues and factual contentions in this lawsuit.

8. Quantlab objects to SXP and Mamalakis' definition of "Quantlab" on grounds that it is overly broad and would include entities, including "subsidiaries and affiliates, . . . including without limitation Quantlab Securities LP" that are not parties to this lawsuit, are not relevant, and have no knowledge of relevant facts.

### OBJECTIONS AND ANSWERS TO SXP AND MAMALAKIS' FIRST SET OF INTERROGATORIES

**Interrogatory No. 1:** Please identify each of Quantlab Securities LP's clients.

> **Answer:** Quantlab objects to Interrogatory No. 1 on grounds that it is irrelevant, that it is not reasonably calculated to lead to the discovery of admissible evidence, and that SXP and Mamalakis have no credible information upon which to claim otherwise. <u>Quantlab Securities, LP is not a party to this case and its clients have nothing to do with this litigation, which is based on SXP, Mamalakis, and other defendants' unlawful and unauthorized copying, theft, and misuse of intellectual property belonging to QLF and QLT</u>—not Quantlab Securities. Quantlab also objects to Interrogatory No. 1 because it seeks the disclosure of confidential business information not belonging to any party in this lawsuit, and <u>which is protected from disclosure by federal law and customer agreements between Quantlab Securities and its customers</u>. Moreover, Quantlab further objects on grounds that this request is overly broad, wholly unlimited as to time, has no legitimate purpose, appears to have been propounded for no other reason than to harass

and annoy Quantlab, and because even if some customer information of Quantlab Securities were somehow relevant—which it is not—an interrogatory to QLF and QLT is not the proper method to obtain it. Finally, if subsequent legitimate discovery were to uncover a basis that would support production of third-party information relating to Quantlab Securities' customers, then, prior to such production, Quantlab Securities would need to notify its customers that their protected information has been sought so that they would have the opportunity to object to its production.

**Interrogatory No. 2:** Please identify each and every stock exchange where Quantlab traded between 2002 and 2007.

> **Answer:** Quantlab objects to Interrogatory No. 2 on grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Quantlab further objects to Interrogatory No. 2 on grounds that it is overbroad as to time and seeks the disclosure of Quantlab's confidential business information before an appropriate protective order has been entered. Quantlab further objects to the use of the term "Quantlab" in this interrogatory as vague, ambiguous, and overly broad to the extent that SXP and Mamalakis may be attempting to use that term (and the accompanying overly broad definition in their interrogatories) to encompass any entities other than the plaintiffs in this litigation—*i.e.*, QLF and QLT.

**Interrogatory No. 3:** Identify all current or former employees with knowledge about Quantlab's business relationship with Rock Island and Wolverine.

> **Answer:** Quantlab objects to Interrogatory No. 3 on grounds that it is irrelevant, that it is not reasonably calculated to lead to the discovery of admissible evidence, and that SXP and Mamalakis have no credible information upon which to claim otherwise. Quantlab Securities, LP is not a party to this case and its clients have nothing to do with this litigation, which is based on SXP, Mamalakis, and other defendants' unlawful and unauthorized copying, theft, and misuse of intellectual property belonging to QLF and QLT—not Quantlab Securities. Quantlab also objects to Interrogatory No. 3 because it seeks the disclosure of confidential business information not belonging to any party in this lawsuit, and which is protected from disclosure by federal law and customer agreements between Quantlab Securities and its customers. Moreover, Quantlab further objects on grounds that this request is overly broad, wholly unlimited as to time, has no legitimate purpose, appears to have been propounded for no other reason than to harass and annoy Quantlab, and because even if some customer information of Quantlab Securities were somehow relevant—which it is not—an interrogatory to QLF and QLT is not the proper method to obtain it. Finally, if subsequent legitimate discovery were to uncover a basis that would support production of third-party information relating to Quantlab Securities' customers, then, prior to such production, Quantlab Securities would need to notify its customers that their protected information has been sought so that they would have the opportunity to object to its production.

## OBJECTIONS AND RESPONSES TO SXP AND MAMALAKIS' FIRST REQUESTS FOR PRODUCTION

**Request No. 1:** All documents and communications (including e-mail correspondence) relating to or reflecting the relationship between Rock Island and Quantlab, including, but not limited to, contracts, agreements, filings, and registration documents.

> **Response:** Quantlab objects to Request No. 1 on grounds that the phrases "relationship between Rock Island and Quantlab" and "documents or communications . . . relating to or reflecting the relationship" are so vague and ambiguous that it is not apparent what documents the request is really attempting to seek. To the extent that this request, like others above, seeks information about Quantlab Securities, LP's customer/service provider relationship with Rock Island (if any), Quantlab objects to this request on grounds that it is irrelevant, that it is not reasonably calculated to lead to the discovery of admissible evidence, and that SXP and Mamalakis have no credible information upon which to claim otherwise. <u>Quantlab Securities is not a party to this case and its clients have nothing to do with this litigation, which is based on SXP, Mamalakis, and other defendants' unlawful and unauthorized copying, theft, and misuse of intellectual property belonging to QLF and QLT—not Quantlab Securities</u>. Quantlab also objects to Request No. 1 because it seeks the disclosure of confidential business information not belonging to any party in this lawsuit, and <u>which is protected from disclosure by federal law and customer agreements between Quantlab Securities and its customers</u>, Moreover, Quantlab further objects on grounds that this request fails to identify the documents it seeks with reasonable particularity, is overly broad as to time and subject matter, has no legitimate purpose, appears to have been propounded for no other reason than to harass and annoy Quantlab, and because <u>even if some customer information of Quantlab Securities were somehow relevant—which it is not—a request for production to QLF and QLT is not the proper method to obtain it</u>. Finally, if subsequent legitimate discovery were to uncover a basis that would support production of third-party information relating to Quantlab Securities' customers, then, prior to such production, Quantlab Securities would need to notify its customers that their protected information has been sought so that they would have the opportunity to object to its production. Quantlab will not be producing documents in response to this improper request.

**Request No. 2:** Documents sufficient to identify each of Quantlab Securities LP's clients.

> **Response:** Quantlab objects to Request No. 2 on grounds that it is irrelevant, that it is not reasonably calculated to lead to the discovery of admissible evidence, and that SXP and Mamalakis have no credible information upon which to claim otherwise. <u>Quantlab Securities, LP is not a party to this case and its clients have nothing to do with this litigation, which is based on SXP, Mamalakis, and other defendants' unlawful and unauthorized copying, theft, and misuse of intellectual property belonging to QLF and QLT—not Quantlab Securities</u>. Quantlab also objects to Request No. 2 because it seeks the disclosure of confidential business information not belonging to any party in this lawsuit, and <u>which is protected from disclosure by federal law and customer agreements between Quantlab Securities and its customers</u>, Moreover, Quantlab further objects on

5

grounds that this request fails to identify the documents it seeks with reasonable particularity, is overly broad as to time and subject matter, has no legitimate purpose, appears to have been propounded for no other reason than to harass and annoy Quantlab, and because <u>even if some customer information of Quantlab Securities were somehow relevant—which it is not—a request for production to QLF and QLT is not the proper method to obtain it</u>. Finally, if subsequent legitimate discovery were to uncover a basis that would support production of third-party information relating to Quantlab Securities' customers, then, prior to such production, Quantlab Securities would need to notify its customers that their protected information has been sought so that they would have the opportunity to object to its production. Quantlab will not be producing documents in response to this improper request.

**Request No. 3:** All documents and communications (including e-mail correspondence) relating to or reflecting the relationship between Quantlab and each and every stock exchange where Quantlab traded between 2002 and 2007, including, but not limited to, contracts, agreements, filings, and registration documents.

> **Response:** Quantlab objects to Request No. 3 on grounds that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Quantlab further objects to this request for "all documents and communications . . . relating to or reflecting the relationship between Quantlab and each and every stock exchange where Quantlab traded between 2002 and 2007" as vague, overly broad as to both time and subject matter, and because it fails to identify the documents it seeks with reasonable particularity. Quantlab additionally objects to the use of the term "Quantlab" in this request as vague, ambiguous, and overly broad to the extent that SXP and Mamalakis may be attempting to use that term (and the accompanying overly broad definition in SXP and Mamalakis' requests) to encompass any entities other than the plaintiffs in this litigation—*i.e.*, QLF and QLT. Quantlab will not be producing documents in response to this improper request.

**Request No. 4:** All documents and communications (including e-mail correspondence) relating to or reflecting the relationship between Wolverine and Quantlab, including, but not limited to, contracts, agreements, filings, statements, order information and registration documents.

> **Response:** Quantlab objects to Request No. 4 on grounds that the phrases "relationship between Wolverine and Quantlab" and "documents or communications . . . relating to or reflecting the relationship" are so vague and ambiguous that it is not apparent what documents the request is really attempting to seek. To the extent that this request, like others above, seeks information about Quantlab Securities, LP's customer/service provider relationship with Wolverine (if any), Quantlab objects to this request on grounds that it is irrelevant, that it is not reasonably calculated to lead to the discovery of admissible evidence, and that SXP and Mamalakis have no credible information upon which to claim otherwise. <u>Quantlab Securities is not a party to this case and its clients have nothing to do with this litigation, which is based on SXP, Mamalakis, and other defendants' unlawful and unauthorized copying, theft, and misuse of intellectual property belonging to QLF and QLT—not Quantlab Securities</u>. Quantlab also objects to Request

6

No. 4 because it seeks the disclosure of confidential business information not belonging to any party in this lawsuit, and which is protected from disclosure by federal law and customer agreements between Quantlab Securities and its customers. Moreover, Quantlab further objects on grounds that this request fails to identify the documents it seeks with reasonable particularity, is overly broad as to time and subject matter, has no legitimate purpose, appears to have been propounded for no other reason than to harass and annoy Quantlab, and because even if some customer information of Quantlab Securities were somehow relevant—which it is not—a request for production to QLF and QLT is not the proper method to obtain it. Finally, if subsequent legitimate discovery were to uncover a basis that would support production of third-party information relating to Quantlab Securities' customers, then, prior to such production, Quantlab Securities would need to notify its customers that their protected information has been sought so that they would have the opportunity to object to its production. Quantlab will not be producing documents in response to this improper request.

**Request No. 5:** All agreements between Quantlab and each and every stock exchange where Quantlab traded between 2002 and 2007.

> **Response:** Quantlab objects to Request No. 5 on grounds that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Quantlab further objects to this request on grounds that it is overly broad as to time and scope of the subject matter. Quantlab further objects that this request seeks the disclosure of Quantlab's confidential business information in the absence of an appropriate protective order. Quantlab further objects to the use of the term "Quantlab" in this request as vague, ambiguous, and overly broad to the extent that SXP and Mamalakis may be attempting to use that term (and the accompanying overly broad definition in SXP and Mamalakis' requests) to encompass any documents relating to entities other than the plaintiffs in this litigation—*i.e.*, QLF and QLT. Quantlab will not be producing documents in response to this improper request.

7

Respectfully submitted,

/s/ Allan H. Neighbors

Allan H. Neighbors, IV
(Attorney-In-Charge)
Texas Bar No. 24033660
S.D. Tex. Bar No. 34398
LITTLER MENDELSON, P.C.
1301 McKinney, Suite 1900
Houston, Texas 77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)
aneighbors@littler.com

*Of Counsel:*

Tim McInturf
Texas Bar No. 00788020
S.D. Tex. Bar No. 18058
QUANTLAB FINANCIAL, LLC
4200 Montrose Blvd.
Suite 200
Houston, Texas 77006
713.400.5917 (Telephone)
713.400.5918 (Facsimile)
tmcinturf@quantlab.com

M. Scott McDonald
Texas Bar No. 13555505
S.D. Tex. Bar No. 9500
smcdonald@littler.com
Tim Rybacki
Texas Bar No. 24056248
S.D. Tex Bar No. 718501
trybacki@littler.com
Travis J. Odom
Texas Bar No. 24056063
S.D. Tex. I.D. No. 997750
todom@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney, Suite 1900
Houston, Texas 77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)

Tim Headley
Texas Bar No. 09325210
S.D. Tex. Bar No. 1003
THE TIM HEADLEY LAW FIRM
7941 Katy Freeway, Suite 506
Houston, Texas 77024
713.467.8500 (Telephone)
713.467.8501 (Facsimile)
HeadleyIPLaw@gmail.com

ATTORNEYS FOR PLAINTIFFS
QUANTLAB TECHNOLOGIES LTD. (BVI)
AND QUANTLAB FINANCIAL, LLC

## CERTIFICATE OF SERVICE

I hereby certify that, on January 25, 2012, I served these Objections and Responses to SXP and Mamalakis' First Set of Interrogatories and Requests for Production on the following persons

    BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED:

        David C. Holmes
        Law Offices of David C. Holmes
        13201 Northwest Freeway, Suite 800
        Houston, Texas 77040

        Joseph Y. Ahmad
        Todd W. Mensing
        Kinan H. Romman
        Ahmad, Zavitsanos & Anaipakos, P.C.
        1221 McKinney Street, Suite 3460
        Houston, Texas 77010

        David G. Hanson
        Mark Cameli
        Ryan Stippich
        Robert S. Jones, Jr.
        Reinhart Boerner Van Deuren, S.C.
        1000 North Water Street, Suite 1700
        Milwaukee, Wisconsin 53202

        James M. Cleary, Jr.
        Martin, Disiere, Jefferson & Wisdom, L.L.P.
        808 Travis, Suite 1800
        Houston, Texas 77002

        Ping An
        92 N. Chandler Creek
        The Woodlands, Texas 77381
        PingA2018@hotmail.com

                                  _/s/ Tim Ryback_
                                  Tim Ryback

Firmwide:107074043.1 038021.1013