UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUANTLAB TECHNOLOGIES LTD. (BVI), et al, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:09-cv-4039 |
| GODLEVSKY, et al, | § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

There are a number of motions pending in this case, but the only motion ripe for the Court's consideration is a Motion to Compel (Doc. No. 133), filed by Defendants Emmanuel Mamalakis and SXP Analytics, LLC ("SXP"). After considering the motion, all responses thereto, and the applicable law, the Court finds that the Motion to Compel must be DENIED.

### I.    BACKGROUND

Plaintiffs Quantlab Technologies Ltd. (BVI) and Quantlab Financial, LLC (collectively, "Plaintiffs" or "Quantlab") comprise a quantitative financial research firm that claims to have highly valuable proprietary trade secrets in the form of trading strategies and technology. Quantlab has filed suit against six defendants: (1) Vitaliy Godlevsky; (2) Andriy Kuharsky; (3) Anna Maravina; (4) Ping An; (5) Emmanuel Mamalakis; and (6) SXP. Quantlab alleges a number of the claims, including claims for copyright infringement and misappropriation of trade secrets. Quantlab seeks injunctive relief, damages, and attorneys' fees.

1

In the instant motion, Mamalakis and SXP seek to compel Quantlab to respond to three interrogatories and five requests for production relating to customer lists and trading information of Quantlab Securities LLC ("Quantlab Securities"), an entity that is not a party to this case. SXP and Mamalakis contend that the discovery they seek may confirm statements allegedly made by Defendant Godlevsky that, when Godlevsky worked for Quantlab, Quantlab engaged in an illegal practice known as "front-running." Front-running consists of obtaining information about stock that clients plan to purchase, and then stepping in front of those clients to purchase the same stock first. SXP and Mamalakis indicate that Quantlab accomplished front-running by obtaining information from Quantlab Securities, a company that is undoubtedly affiliated with Plaintiffs, but not a party to this case. In support of their argument that discovery from non-party Quantlab Securities is relevant to this case, SXP and Mamalakis urge that discovery regarding Quantlab Securities will lead to information about Plaintiffs' illegal front-running practice.

Even if SXP and Mamalakis are correct that the discovery they seek could confirm their suspicions about Plaintiffs' front-running practice, the existence of such practice itself must be relevant before such discovery may be permitted. SXP and Mamalakis offer three arguments as to why Quantlab's alleged front-running practice is relevant to this case: (1) front-running would support an "unclean hands" defense; (2) evidence of front-running could counter Plaintiffs' claim of lost-profits, as it could provide an explanation, not attributable to Defendants, as to why Plaintiffs lost profits; and (3) the alleged wrongdoing goes to Plaintiffs' motive in filing this lawsuit. The Court considers each of these arguments below.

## II. ANALYSIS

### A. Unclean Hands Defense

2

Defendants SXP and Mamalakis urge that discovery related to Quantlab's alleged front-running operation is relevant to an unclean hands defense. The Fifth Circuit recognizes the longstanding principle "that a court called upon to do equity should always consider whether the petitioning party has acted . . . with unclean hands." *Alcatel USA, Inc. v. DGI Tech., Inc.*, 166 F.3d 772, 794 (5th Cir. 1999) (citation omitted) (internal quotation marks omitted). However, a defense of unclean hands cannot be maintained "where [the] plaintiff's misconduct is not directly related to the merits of the controversy between the parties." *Mitchell Bros. Film Group v. Cinema Adult Theater*, 604 F.2d 852, 862 (5th Cir. 1979). One district court in Texas has summarized aptly the unclean hands defense as "requir[ing] a finding of both inequitable conduct and a finding that the conduct relates to the requested relief." *Petro Franchise Sys., LLC v. All Am. Prop., Inc.*, 607 F. Supp. 2d 781, 799 (W.D. Tex. 2009). In addition, "[i]n the Fifth Circuit, the defense of unclean hands further requires a defendant to 'show that he has personally been injured by the plaintiff's conduct.'" *SA Bay LLC v. Hall*, 2012 WL 300735, at *12 (S.D. Tex. Feb. 1, 2012) (quoting *Mitchell Bros.*, 604 F.2d at 863).

SXP and Mamalakis contend that they have been injured by the alleged front-running by having to defend this lawsuit and by having to endure the cloud that Quantlab has placed over their reputation. Assuming SXP and Mamalakis can tie their alleged injuries to the alleged front-running, they still cannot, on the information provided to the Court, show how this alleged misconduct is directly related to the merits of the controversy between the parties. Even if Quantlab did engage in front-running, SXP and Mamalakis have failed to demonstrate how such illegal conduct negates or even relates to Quantlab's claims against them. Because the Court is not convinced that SXP and Mamalakis can raise an unclean hands defense on the basis of front-

3

running, SXP and Mamalakis' plan to assert such a defense does not render the discovery they seek relevant.

### B. Lost profits

SXP and Mamalakis argue that the discovery sought in their Motion to Compel is relevant to Quantlab's lost profits, as front-running could be the real reason for lost profits that might otherwise be blamed on Defendants' alleged theft of trade secrets. This argument is entirely unpersuasive, as Quantlab has not sought damages based on lost profits in this case. (*See, e.g.*, Doc. No. 125 ¶ 98 ("Quantlab seeks injunctive relief, restitution damages, benefit-of-the-bargain damages (exclusive of lost profits), and recovery of its attorneys' fees.").) At a hearing before the Court on February 22, 2012, Quantlab's counsel confirmed that Quantlab does not and will not seek lost profits as damages in this suit. When counsel for SXP and Mamalakis indicated that they might file a motion in limine to prevent even the discussion of lost profits at trial, Quantlab's counsel represented that Quantlab likely would not be opposed to such a motion. As Quantlab has not sought and will not seek damages based on lost profits, any connection between front-running and Quantlab's lost profits is irrelevant, and does not support the discovery sought in Defendants' motion.

### C. Motive/credibility

Finally, SXP and Mamalakis contend that Quantlab's alleged front-running is relevant to Quantlab's motive in filing this lawsuit. Quantlab responds that its motive in filing the lawsuit is legitimate, but irrelevant. At this stage of the case, the Court agrees that suspicions as to Quantlab's motive cannot justify the requested discovery. First, there is little evidence that Quantlab actually engaged in front-running. Indeed, aside from a statement allegedly made by Defendant Godlevsky—which Godlevsky's own lawyer, in a hearing before the Court on

4

February 22, 2012, referred to as an "offhand comment"—the Court has seen no support at all for this front-running theory. Even more importantly, though, SXP and Mamalakis are unable to provide a link between the alleged front-running and Quantlab's case against them;[1] they have offered no support for their contention that this alleged wrongdoing indicates that Quantlab initiated these proceedings to silence and smear the Defendants. Because the Court has not seen any evidence connecting Quantlab's alleged front-running to issues in this lawsuit, the Motion to Compel must be denied.

### III. CONCLUSION

The Motion to Compel filed by Defendants SXP and Mamalakis is **DENIED**. Quantlab's request for a protective order to prevent the discovery of the information sought by SXP and Mamalakis is also **DENIED**. If the relevance of front-running becomes apparent at a later date, the Court will reconsider the need for additional discovery at that time. Quantlab's request for sanctions, also asserted in its response, is likewise **DENIED**.

**IT IS SO ORDERED.**

SIGNED at Houston, Texas, on this the 27th day of February, 2012.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[1] At a hearing on February 22, 2012, Counsel for Defendant Kuharsky informed the Court that the case against Kuharsky will raise questions that relate to Quantlab's alleged front-running, making the practice relevant in this case. According to his attorney, Kuharsky has not sought discovery on front-running because he has sufficient personal knowledge of the practice. Front-running, as it relates to Defendant Kuharsky, has not yet been put before the Court; thus, this Memorandum and Order addresses the relevance of front-running only as it relates to Defendants SXP and Mamalakis.

5