IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUANTLAB TECHNOLOGIES LTD. (BVI) AND QUANTLAB FINANCIAL, LLC, | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. H-09-4039 |
| VITALIY GODLEVSKY, ANDRIY KUHARSKY, ANNA MARAVINA, PING AN, EMMANUEL MAMALAKIS, AND SXP ANALYTICS, LLC, | § § § § § § | JURY DEMANDED |
| *Defendants*. | § | |

**PLAINTIFFS' FIRST MOTION TO COMPEL DISCOVERY
FROM DEFENDANT SXP ANALYTICS**

Plaintiffs ("Quantlab") request that the Court order Defendant SXP Analytics ("SXP") to: (1) produce relevant documents; (2) fully answer (instead of evade) interrogatories that seek to discover basic facts; and (3) fully respond to (instead of evade) requests for admission that seek to properly narrow the disputed issues in this case.

**I.
BACKGROUND**

Early in this case, Quantlab served a comprehensive set of written discovery requests on SXP—Quantlab's First Requests for Admissions ("First RFAs"), First Requests for Production ("First RFPs"), and First Set of Interrogatories.[1] Those requests largely sought to determine the extent and circumstances of SXP's possession and use of Quantlab intellectual property.

SXP responded to Quantlab's initial written discovery by comprehensively stonewalling, hiding behind improper and often nonsensical objections and evasive responses.[2] To further its

---

[1] Exhibits A, B, C, respectively.
[2] Exhibits D, E, F.

1

stonewalling efforts, SXP even filed an expedited motion to stay discovery pending a frivolous Rule 11 sanctions motion, decrying Quantlab's claims against it as so "baseless" that Quantlab should not even be allowed to obtain the written discovery it sought.[3]  After the Court denied SXP's motion to stay, SXP had to admit—in some of the same discovery it had tried to thwart—that the FBI had found Quantlab code on SXP computers.[4]  However, SXP continued to conceal all further information about its possession of Quantlab's intellectual property.

While this civil case was stayed to allow the Justice Department's criminal investigation to finish, the extent of the wrongdoing that SXP was attempting to evade and conceal became more clear.  Among other things, the Justice Department's investigation revealed that:

- SXP's Houston offices and the homes of certain of its principals contained more than 750,000 electronic files taken from Quantlab;

- SXP's principals' prior assurances to Quantlab that they did not have any computer code, electronic files, or other intellectual property belonging to Quantlab were outright lies;

- Numerous Quantlab source code files had been accessed on the SXP workstation of one of SXP's principals, and an attempt had even been made to compile certain Quantlab code on behalf of SXP; and

- Highly sophisticated, proprietary Quantlab software named QuoteServer4—which had only recently been developed by Quantlab—had been accessed on the SXP computers of two of SXP co-founders.[5]

---

[3]  *See* Dkt. ## 43, 46.

[4]  *See* Exhibit D, *SXP's Objections and Responses to Quantlab's First RFAs*, No. 53.

[5]  *See* Exhibit H, *August 30, 2011 Letter from AUSA Robert Johnson to Criminal Counsel*.  For some reason, SXP and its counsel continue to ignore the government's findings and pretend they have no [footnote continued on next page . . . ]

Toward the end of the stay, SXP even filed a lawsuit in Wisconsin against one of its co-founders (Defendant Godlevsky), accusing him of "mis-conduct" regarding his possession of "Quantlab computer code, computer files, or other confidential and proprietary information in the course of SXP's business."[6]

After the Court lifted the stay, Quantlab immediately requested, in a detailed letter, that SXP supplement and/or amend its responses to a number of Quantlab's initial written discovery requests.[7] SXP has refused to do so. Instead, SXP has apparently decided to continue to conceal documents and information regarding the identity of the Quantlab files in its possession, how it got them, why it has them, and what it has done with them—*i.e.*, information at the center of Quantlab's initial discovery requests and, now, at the center of this motion.

## II.
## NATURE AND STAGE OF PROCEEDINGS

The Court is well-versed in the background of this case. Quantlab brought this suit in response to SXP and other defendants' conspiracy to copy, steal, and exploit Quantlab's highly valuable trading strategy—including its proprietary source code and the concepts underlying the strategy—for the defendants' own financial benefit. The causes of action brought by Quantlab in the Second Amended Complaint (the live pleading) include violations of the Copyright Act (17 U.S.C. § 101, *et seq*.), violations of the Computer Fraud and Abuse Act (18 U.S.C. § 1030, *et seq*.), and several state law causes of action, including misappropriation of trade secrets.

---

significance to this civil case. *See also* Exhibit I, *Vitaliy Godlevsky Depo.*, 134:6–136:25 (SXP co-founder and former Quantlab employee denying possession of Quantlab code or files); Exhibit J, *Andriy Kuharsky Depo.*, 52:7–9; 102:15–18; 102:24–103:5 (other SXP co-founder and former Quantlab employee making similar sworn denials); Exhibit K, *June 15, 2007 Letters from T.J. Wray to Tim McInturf* (counsel for Godlevsky and Kuharsky assuring counsel for Quantlab that Godlevsky and Kuharsky had no Quantlab files and would honor their Proprietary Information Agreements).

[6] *See* Exhibit L, *Complaint in SXP v. Godlevsky Wisconsin State Court Suit*, ¶¶ 15, 21, 36, 38, 41-42.
[7] *See* Exhibit G, *December 20, 2011 Letter from Tim Rybacki to David Hanson*.

On February 15, 2012, the Court entered an Agreed Protective Order (Dkt. #140). The case is now in the early stages of discovery.

## III.
## STATEMENT OF THE ISSUES

Whether the Court should order SXP to produce relevant documents requested by Quantlab and provide full and non-evasive answers to Quantlab's First Set of Interrogatories and First RFAs, which seek basic facts regarding the issues in this lawsuit.

## IV.
## STANDARD OF REVIEW

The primary purpose of discovery is to "allow the parties to develop fully and crystallize concise factual issues for trial." *Burns v. Thiokol Chem. Corp.,* 483 F.2d 300, 304 (5th Cir. 1973). Full and complete discovery helps to "prevent prejudicial surprises and conserve precious judicial energies." *Id.* Federal Rule of Civil Procedure 26 permits discovery of any non-privileged information that is "relevant to the claim or defense of any party." FED. R. CIV. P. 26(b)(1). "[I]nformation is relevant if it encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991).

"For good cause, the court may order discovery of any matter" within the scope outlined by Rule 26. FED. R. CIV. P. 26(b)(1). With respect to requests for admission, the Court "must order that an answer be served" unless the Court finds an objection to be justified. FED. R. CIV. P. 36(a)(6). The same is true on a motion to compel answers to interrogatories and responses to requests for production. *See* FED. R. CIV. P. 37(a)(3). In all cases, the party resisting discovery has "the burden . . . to clarify and explain their objections and to provide support for those objections." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005).

4

V.
**ARGUMENT AND AUTHORITIES**

SXP has continuously refused to produce or disclose even the most basic documents and information in discovery. The Court should overrule SXP's objections to the requests identified in this motion, and allow Quantlab to obtain the discovery to which it is entitled.

A.     **Quantlab Is Entitled to Non-Evasive Answers to Its First Request for Admissions**

SXP's answers to Quantlab First RFAs are evasive at best, and its objections are aimed at doing nothing more than obstructing proper discovery. Those objections to the RFAs at issue in this motion (Nos. 1-16, 24-37, 55-63, 66-86, 99, and 101-103) are basically of two types—(1) objections on grounds of vagueness and ambiguity; and (2) objections that claim the Quantlab code or other files at issue have not been sufficiently identified. Neither of these objections has any merit, and their abusive nature is readily apparent.

First, to escape providing relevant discovery, SXP frivolously lodged many "vague and ambiguous" objections to industry terms, such as computer code, source code, executable code, automated trading, high-frequency trading, and profits.[8] Many of these supposedly vague terms are explicitly defined in Quantlab's First RFAs.[9] And the other terms are so fundamental that they could hardly be defined further. In fact, SXP has understood many of these "vague" terms well enough to use in its own pleadings, despite feigning hopeless confusion when those same terms are used by Quantlab.[10]

As just one example of SXP's gamesmanship, SXP stated in its separate litigation against Godlevsky that it is a "high-frequency trading firm," but provided Quantlab with the following

---

[8]   *See, e.g.*, Exhibit D, Nos. 1-16, 24-37, 55-63, 66-86, 99, 101-103.

[9]   *See* Exhibit A, pp. 2-3.

[10]  *See, e.g.*, Exhibit L, ¶ 20 ("computer code"); Exhibit M, *Affidavit of SXP Director of Trading Andrew Karrels*, ¶¶ 2-3 (using terms "high-frequency trading," "trading strategy," and "automated trading").

absurd written discovery response in this suit:

> <u>Request for Admission No. 2</u>:  SXP is engaged in high-frequency trading.
>
> <u>Response</u>:  SXP objects to this request because it is vague and ambiguous, and it incorporates its objection to the definition of "high-frequency trading." Based solely on its objections, SXP denies the request.[11]

This type of obstructionist response is symptomatic of SXP's entire approach to discovery in this case and is beyond any possible justification.

Likewise, SXP has improperly tried to avoid answering many of Quantlab's First RFAs by claiming that it could not possibly do so until Quantlab pinpoints every specific Quantlab file or piece of code at issue in this case.  This is nonsense, and the following response illustrates the absurd lengths to which SXP has gone to avoid providing relevant discovery on these grounds:

> <u>Request for Admission No. 24</u>:  Godlevsky provided to SXP computer code that was developed at Quantlab.
>
> <u>Response</u>:  SXP incorporates herein its objection to the definition of computer code, and therefore also objects to the phrase "computer code developed at Quantlab" because it is vague and ambiguous.  <u>Further, until Quantlab identifies with specificity what computer code was developed at Quantlab and is at issue in this case, SXP lacks information sufficient to respond to this request and, therefore denies it</u>.[12]

Although SXP supposedly cannot admit or deny this RFA, SXP has constructed an <u>entire</u> <u>lawsuit</u> against Godlevsky based on the very same proposition, explicitly alleging in that case that "Godlevsky was responsible for loading those Quantlab computer code or files onto Godlevsky's SXP computer, and he subsequently accessed some of those files."[13]  SXP clearly knows that it has Quantlab code and files.  And the Justice Department even provided SXP with a 95-page list

---

[11]  *Compare* Exhibit M, ¶ 2, *with* Exhibit D, No. 2.  Quantlab even defined the term "high-frequency trading" in its requests as "buying and selling the same security on the same day or intraday trading." Exhibit A, p. 2.  As a result—and in addition to using the same term in its own pleadings—there could be no legitimate doubt as to the term's meaning in the context of Quantlab's request.

[12]  Exhibit D, No. 24 (emphasis added).

[13]  Exhibit L, ¶ 20.

specifically identifying Quantlab files on SXP's computers, in case there was any doubt. SXP cannot simply feign ignorance to avoid answering relevant discovery. Nor is discovery some game or quiz requiring Quantlab to successfully pinpoint and recite the identity of all of the stolen code and other files before SXP must admit to having them.

SXP's objections to Quantlab's First RFA Nos. 1-16, 24-37, 55-63, 66-86, 99, and 101-103 should be overruled, and the Court should order SXP to fully answer those RFAs.

**B.** **Quantlab Is Entitled to Non-Evasive Answers to Its First Set of Interrogatories**

SXP has also unjustifiably refused to answer a number of basic interrogatories served by Quantlab, including its First Set of Interrogatories Nos. 5-9, and 13. Those interrogatories seek the following categories of information:

- The identity of the investors in SXP (*i.e.*, its owners) (Interrogatory No. 5);

- The identity of the Quantlab code, files, and other property in SXP's possession, custody, or control (Interrogatory Nos. 6-7);

- The identity of the current and former Quantlab employees with whom SXP discussed Quantlab's trading strategy or trading technology (Interrogatory No. 8);

- The identity of the SXP employees who had access to that Quantlab property while at SXP (Interrogatory No. 13); and

- The identity of the computers and other electronic storage devices seized by the FBI in March 2008, the primary user of those devices prior to their seizure, and where they have been kept and whether they have been used since being returned to SXP by the FBI (Interrogatory No. 9).[14]

---

[14] *See* Exhibit F, Nos. 5-9, 13. SXP recently served supplemental answers to some of Quantlab's First Set of Interrogatories (attached as Exhibit N). However, those supplemental answers are entirely self-serving, largely supplement answers other than those complained about herein, and—for the answers [footnote continued on next page . . . ]

7

In short, these interrogatories seek facts regarding the nature, extent, and circumstances of SXP's unauthorized possession and misuse of Quantlab intellectual property, as well as the owners of the company that has engaged in that wrongdoing against Quantlab. These are some of the most basic "who, what, when, and where" facts underlying Quantlab's claims in this case.

The detailed discovery supplementation letter from Quantlab's counsel to SXP's counsel on December 20, 2011 (attached as Exhibit G) further explains the relevance of the information sought by each of the above-listed interrogatories and the impropriety of SXP's objections to them. Because SXP has no valid objection to the First Set of Interrogatories Nos. 5-9, and 13, the Court should overrule the asserted objections and order that SXP fully answer those interrogatories.

C.   **Quantlab Is Entitled to SXP's Production of Discoverable Documents**

In addition to ordering that SXP must fully answer the RFAs and interrogatories outlined above, the Court also should order SXP to fully respond to Quantlab's First RFPs and to produce the many relevant documents that it continues to withhold.

1. **Documents SXP Has Already Agreed to Produce**

SXP has agreed (but failed) to produce documents responsive to Quantlab's First RFP Nos. 1, 3-8, 26, 33-42, 96, 97, 100-102, 104, 105, 111, 114, 116, 119, 125, 127-29, 131, and 135.[15] Because there is no justification for SXP's continued withholding of those documents, the Court should order their production.

---

at issue herein—do nothing to resolve their deficiencies. In addition, SXP has now produced the FBI inventory of property seized from its offices in March 2008, which SXP stated would provide the answer to Interrogatory No. 9. But that inventory (attached as Exhibit O) reveals little more than serial numbers or general descriptions of items and do not indicate who used the devices, where they have been kept since being returned to SXP, or whether they have been used since that return—all of which is information sought by Interrogatory No. 9.

[15]   *See* Exhibit E.

### 2. Documents SXP "Believes" It Does Not Have

In response to many of Quantlab's other requests—*i.e.*, First RFP Nos. 51-88, 94, 98-99, 106, 110, 112-113, 120, 124, 126, 136—SXP stated only that it "believes" it has no responsive documents. This non-committal statement by SXP is not sufficient. The Federal Rules of Civil Procedure require SXP to conduct a diligent search for all requested information within the scope of discovery and indicate whether it, in fact, has any responsive documents. *See Kamatani v. BenQ Corp.*, No. 2:03-CV-437, 2005 U.S. Dist. LEXIS 42763, at *15 (E.D. Tex. Aug. 5, 2005) (stating that parties have a "duty to conduct a diligent search and investigation into the existence of documents relating to the issues in the case") (unreported case attached as Exhibit P).

Based on the facts already uncovered, it is also clear that a statement by SXP that no responsive documents exist would surely be incorrect for a number of the above-listed requests. For example, First RFP Nos. 51-62 and 84-88 seek Quantlab property, documents, and code brought to SXP by the individual defendants in this case, including the following:

> Request No. 60: All Quantlab computer code provided to SXP by Godlevsky.
>
> Response: SXP objects to this request because it is vague, ambiguous, and overly broad, and incorporates by reference its objection to the definition of "computer code." Further, SXP objects because the request seeks documents irrelevant to the parties claims and defenses until Quantlab identifies the various computer code . . . that it contends constitute its trade secrets in this case. Subject to and without waiving these objections and the foregoing general objections, SXP states that it believes it has no documents responsive to this request however it is interpreted.[16]

Considering SXP's suit against Godlevsky in Wisconsin and its allegations that Godlevsky "was responsible for loading" Quantlab code and files onto SXP computers, SXP's supposed "belief" that it has no documents responsive to Request No. 60 must certainly be false. The veracity of a number of SXP's other responses is similarly questionable in light of the Justice Department's

---

[16] Exhibit E, No. 60.

independent findings.[17] The Court should order SXP to fully and properly respond to Quantlab's First RFP Nos. 51-88, 94, 98-99, 106, 110, 112, 113, 120, 124, 126, and 130.

### 3. Relevant Documents SXP Has Refused to Produce

SXP has also responded to many of Quantlab's document requests by raising meritless objections and simply refusing to produce the relevant documents they seek. Those requests seek the following categories of documents:

- SXP's business plans and documents showing the mission and objectives of SXP (RFP Nos. 11-12);

- Basic financial documents for SXP, such as periodic balance sheets, profit-and-loss statements, and revenue reports (RFP Nos. 15-25);

- Documents and communications concerning Defendant Anna Maravina, a former Quantlab employee that claims to know next to nothing about SXP but is central to the Justice Department's findings regarding the thefts at issue (RFP No. 31);

- Documents relating to Quantlab's business that SXP received from Defendants Kuharsky, Godlevsky, Maravina, and An (all former Quantlab employees) (RFP Nos. 43-50);

- Quantlab documents, code, and electronic files provided to SXP by Defendants Kuharsky, Godlevsky, Maravina, and An (RFP Nos. 51-62);[18]

---

[17] *Compare* Exhibit H, *August 30, 2011 Letter from AUSA Robert Johnson to Criminal Counsel*, *with*, *e.g.*, Exhibit E, Nos. 51-52, 54-56, 58-59.

[18] SXP stated that it "believes" it has no documents responsive to these requests. As already discussed above, those responses are surely incorrect or highly suspect in light of SXP's own pleadings in other litigation (*i.e.*, its Wisconsin suit against Godlevsky) and the findings of the Justice Department's independent investigation. Quantlab includes First RFP Nos. 51-62 again in this section of the motion because, based on SXP's refusal to produce documents in response to similar requests (e.g., RFP Nos. 43-50), Quantlab is relatively certain that SXP likewise will refuse to voluntarily produce all documents responsive to First RFP Nos. 51-62, when they finally admit to having them.

- Quantlab code, documents, and other property in SXP's possession, custody, or control (RFP Nos. 84-88);

- Communications and other documents in SXP's possession, custody, or control, discussing Quantlab's business, trading models, algorithms, methods, or strategies (RFP Nos. 89-91);

- Computer code, trading strategies, and trading technologies developed by former Quantlab employees Kuharsky, Godlevsky, and An on behalf of SXP (RFP Nos. 28-30, 107, 121, 132);

- Communications and other documents regarding SXP's initial decision to engage in high-frequency trading, to engage in pairs trading,[19] and to use Quantlab code (First RFP Nos. 92-94);

- Communications and other documents regarding the termination of Godlevsky's SXP employment, which SXP did not object to producing and, instead, originally stated that no responsive documents exist (First RFP No. 118);

- Invoices, bills, and other documents related to the forensic extraction, destruction, or deletion of electronic data from SXP's computers since the FBI search warrant execution in March 2008 (First RFP No. 139); and

- Agreements between SXP and service providers involved in its trading activities, including for brokerage, exchange, and data feed services (First RFP No. 148).

---

[19] Kuharsky and Godlevsky (two of SXP's co-founders) both testified in depositions in a prior lawsuit that SXP was not planning on engaging in high frequency trading but, instead, would be exploring pairs trading, which is different from Quantlab's high-frequency strategy. Exhibit I, *Godlevsky Depo.*, 144:13-145:10; Exhibit J, *Kuharsky Depo.*, 122:14-123:6. Quantlab strongly believes that Kuharsky and Godlevsky provided that testimony to defraud Quantlab into believing that SXP was not a competitor and, therefore, Kuharsky and Godlevsky would have no use at SXP for Quantlab's confidential and proprietary information regarding its high-frequency trading strategy. SXP's decision to develop a high frequency strategy—the same industry niche as Quantlab—after two of its co-founders reported that it was not considering doing so is relevant.

Quantlab's December 20, 2011 discovery supplementation letter to SXP (Exhibit G to this motion) provides a detailed analysis of why each of these document categories is relevant and discoverable.  In short, SXP's objections to these requests are invalid in light of the claims and detailed allegations set forth in Quantlab's Second Amended Complaint.  Those objections should be overruled and SXP should be ordered to produce the documents sought by the above-listed First RFPs.

## VI.
## CONCLUSION

For the foregoing reasons (and the reasons stated in the attached December 20 discovery supplementation letter to SXP's counsel), Quantlab requests that the Court order SXP to provide full and complete answers or responses to:

- Quantlab's First RFA Nos. 1-16, 24-37, 55-63, 66-86, 99, and 101-103.

- Quantlab First Set of Interrogatories Nos. 5-9, and 13; and

- Quantlab's First RFP Nos. 1, 3–8, 11–12, 15–26, 28–31, 33–94, 96–102, 104–107, 110–113, 116, 118–121, 124–129, 131–132, 135–136, 139, and 148.

In addition, Quantlab requests all other and further relief to which it may justly be entitled.

Respectfully submitted,

*/s/ Allan H. Neighbors, IV*

Allan H. Neighbors, IV
(Attorney-in-Charge)
Texas Bar No. 24033660
S.D. Tex. Bar No. 34398
LITTLER MENDELSON, P.C.
1301 McKinney, Suite 1900
Houston, Texas 77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)
aneighbors@littler.com

*Of Counsel:*

Tim McInturf
Texas Bar No. 00788020
S.D. Tex. Bar No. 18058
Simon J. Garfield
Texas Bar No. 24040957
S.D. Tex. Bar No. 634831
QUANTLAB FINANCIAL, LLC
4200 Montrose Blvd., Suite 200
Houston, Texas 77006
713.400.5917 (Telephone)
713.400.5918 (Facsimile)
tmcinturf@littler.com

M. Scott McDonald
Texas Bar No. 13555505
S.D. Tex. Bar No. 9500
Tim Rybacki
Texas Bar No. 24056248
S.D. Tex Bar No. 718501
Travis J. Odom
Texas Bar No. 24056063
S.D. Tex. Bar No. 997750
LITTLER MENDELSON, P.C.
1301 McKinney, Suite 1900
Houston, Texas 77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)
smcdonald@littler.com

Tim Headley
Texas Bar No. 09325210
S.D. Tex. Bar No. 1003
THE TIM HEADLEY LAW FIRM
7941 Katy Freeway, Suite 506
Houston, Texas 77024
713.467.8500 (Telephone)
713.467.8501 (Facsimile)
HeadleyIPLaw@gmail.com

ATTORNEYS FOR PLAINTIFFS
QUANTLAB TECHNOLOGIES LTD. (BVI)
AND QUANTLAB FINANCIAL, LLC

## CERTIFICATE OF CONFERENCE

      I certify that on December 20, 2011, I sent a detailed letter to David Hanson, counsel for SXP Analytics, to confer on the discovery matters at issue in this motion. A copy of that letter is attached hereto as Exhibit G. Despite Quantlab's attempts to informally resolve the matters discussed therein, SXP has still continued to refuse (or failed to provide) the discovery that is at issue in the foregoing motion.

                                      */s/ Tim Rybacki*
                                      Tim Rybacki

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2012, I electronically filed the foregoing document using the CM/ECF system, which will automatically send notification of this filing to the following counsel of record:

Joseph Y. Ahmad
Todd W. Mensing
Kinan H. Romman
Ahmad, Zavitsanos & Anaipakos, P.C.
1221 McKinney Street, Suite 3460
Houston, Texas 77010

ATTORNEYS FOR DEFENDANT/
COUNTER-PLAINTIFF VITALIY GODLEVSKY

David C. Holmes
Law Offices of C. David Holmes
13201 Northwest Freeway, Suite 800
Houston, Texas 77040

ATTORNEYS FOR DEFENDANTS
ANNA MARAVINA AND ANDRIY KUHARSKY

James M. Cleary, Jr.
Martin, Disiere, Jefferson & Wisdom, L.L.P.
808 Travis, Suite 1800
Houston, Texas 77002

David G. Hanson
Mark Cameli
Ryan Stippich
Robert S. Jones, Jr.
Reinhart Boerner Van Deuren, S.C.
1000 North Water Street, Suite 1700
Milwaukee, Wisconsin 53202

ATTORNEYS FOR DEFENDANTS SXP
ANALYTICS, LLC AND EMMANUEL
MAMALAKIS

*/s/ Tim Rybacki*
Tim Rybacki

I hereby further certify that on March 7, 2012, a true and correct copy of the foregoing document was served on the following persons via first class U.S. mail and e-mail:

Ping An
P.O. Box 133353
Spring, Texas 77390
PingA2018@hotmail.com

PRO SE DEFENDANT

*/s/ Tim Rybacki*
Tim Rybacki

Firmwide:109717461.1 038021.1013