# Exhibit E

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

---

QUANTLAB TECHNOLOGIES, LTD.
(BVI) and QUANTLAB FINANCIAL,
LLC,

                Plaintiffs,

v.

VITALIY GODLEVSKY, ANDRIY
KUHARSKY, ANNA MARAVINA,
PING AN, EMMANUEL
MAMALAKIS and SXP
ANALYTICS, LLC,

                Defendants.

Civil Action No. H-09-4039

JURY DEMANDED

---

**DEFENDANT SXP ANALYTICS, LLC'S RESPONSE TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**

---

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant

SXP Analytics, LLC ("SXP") hereby responds and objects to Plaintiffs' first

request for the production of documents as follows:

### PRELIMINARY STATEMENT

SXP has not yet fully completed its investigation of the facts related to the

case, has not fully completed discovery in this action, and has not completed its

preparation for trial. All of the answers contained herein are based only upon such

information and documents as are presently available and specifically known to

SXP. It is anticipated that further discovery, independent investigation, legal

\

research, and analysis will supply additional facts, add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contents set forth herein.

The following responses are given without prejudice to SXP's right to produce evidence of any subsequently discovered fact or facts. SXP accordingly reserves the right to change and supplement any and all responses herein as additional facts are ascertained, analyses are made, and legal research is completed. The answers contained herein are made in a good faith effort to supply as much factual information as is presently known, but should in no way prejudice SXP's right to supplement or augment its responses to these Requests as its discovery and investigation continues. SXP objects to all the requests to the extent they request attorney-client privileged communications.

## GENERAL OBJECTIONS

SXP responds to the requests subject to the general objections set forth below. These general objections form a part of the response to each request as though set forth fully therein. The general objections may be specifically referenced in the response to a request for purpose of clarity; however, the failure to incorporate specifically a general objection should not be construed as a waiver of that objection.

2

1.     SXP objects to the Requests for Production of Documents to the extent they seek information protected by the attorney-client and/or work product privileges.

2.     SXP objects to the Requests for Production of Documents to the extent they exceed the parameters of permissible discovery under the Federal Rules of Civil Procedure, and/or any other applicable rules or laws.

3.     SXP objects to the Requests for Production of Documents to the extent they seek confidential, proprietary or trade secret information or documents from Defendants. Such information and/or documents are not subject to disclosure without a protective order, which has not been entered in this case. SXP will not produce any such documents until a mutually agreeable protective order is entered in this case.

4.     SXP objects to the Requests for Production of Documents to the extent they seek public record information and/or documents equally available to all parties.

5.     SXP's objections are made without waiver of, or prejudice to, additional objections they may make. All such objections are hereby expressly preserved, as is the right to move for a protective order.

6.     SXP reserves all objections as to the admissibility at trial of any information provided.

7.     The supplying of information in response to Requests for Production of Documents does not constitute an admission by SXP that such information or documents are relevant in this action.

8.     All information or documents provided by SXP is for use in this litigation only and for no other purpose.

9.     SXP objects to each and every Request for Production of Documents to the extent that the information or documents called for, if any, are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

10.    SXP objects to each and every Request for Production of Documents to the extent that it seeks information or documents not in Defendants' possession, custody or control.

11.    SXP objects to each and every Request for Production of Documents to the extent that it is overly broad, vague, ambiguous, oppressive, unduly burdensome, expensive, harassing and beyond the permissible scope of discovery under the Federal Rules of Civil Procedure and/or any other applicable laws or rules.

12.    SXP objects to the Definitions and Instructions set forth in the Requests for Production of Documents to the extent they exceed the parameters of permissible discovery under the Federal Rules of Civil Procedure, or any other applicable rules or laws.

13.    SXP reserves the right to supplement its answers to discovery.

4

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

14.     SXP objects to the definition of "High frequency trading" as vague, ambiguous and misleading.  For example, all sorts of activity related to trading in securities would fall into this definition, such as any intra-day purchasing and selling of a single stock without regard to the scope or frequency of the trading activity, all of which are irrelevant to this case.

15.     SXP objects to the definition of "Trading strategies" as it is vague and ambiguous.  The definition, particularly as it includes any "other analytical tools to identify market mispricings," describes what every single buyer or seller of stock does when he/she/it buys or sells a security.  Every investor is attempting to take advantage of market mispricings through the use of analytical tools, statistical patterns, "or other factors that may allow a person to forecast what a price of various financial instruments will be in the future."

16.     SXP objects to the definition of "Trading technology" because it is vague, ambiguous, and overly broad.  For example, trading technology under this definition would include the use of common internet stock trading devices such as those provided by TDAmeritrade or E*Trade.

17.     SXP objects to the definition of "Automated trading" because it is vague, ambiguous, and overbroad.  For example, common stock orders, such as limit orders, placed through the internet would qualify as "Automated trading" under this definition.

18.    SXP objects to the definition of "computer code" because it is vague, ambiguous, and so overbroad that it lacks any specific meaning whatsoever.

**REQUEST FOR PRODUCTION NO. 1:**

All documents and communications (including e-mail correspondence) relating to or reflecting the formation of SXP, including, but not limited to, business licenses, filings, and registration documents.

**RESPONSE:**

SXP will produce non-privileged and otherwise discoverable documents, if any, responsive to this Request at a time and place mutually convenient to counsel.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications (including e-mail correspondence) relating to or reflecting the organizational structure of SXP, including, but not limited to, organizational chart(s), management structure diagrams, board of directors listings, and membership interest(s).

**RESPONSE:**

SXP objects to this request because it is overbroad and not reasonably calculated to lead to admissible evidence.  SPX also objects to the phrase "organizational structure" because it is vague and ambiguous.  Subject to and without waiving the foregoing objections and the general objections, SXP responds that it does not have documents reflecting "organizational chart(s), management structure diagrams, board of directors listings, and membership interest(s)."

6

Request at a time and place mutually convenient to counsel, but believes it has no responsive documents.

## REQUEST FOR PRODUCTION NO. 83:

Documents sufficient to identify any web site to which or from which SXP or someone acting on SXP's behalf has downloaded computer code of any kind.

## RESPONSE:

SXP objects to this request because it is overbroad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to admissible evidence.

## REQUEST FOR PRODUCTION NO. 84:

All documents in the custody, control, or possession of SXP that belong to Quantlab.

## RESPONSE:

SXP objects to this request because it is vague and ambiguous. Further, SXP objects because the request seeks documents irrelevant to the parties claims and defenses until Quantlab identifies the various computer code, property, documents and reports that it contends constitute its trade secrets in this case. Subject to these objections and the general objections, SXP responds that it believes it has no responsive documents however the request is interpreted.

## REQUEST FOR PRODUCTION NO. 85:

All property, whether tangible or intangible electronic information, in the custody, control, or possession of SXP that belongs to Quantlab.

**RESPONSE:**

SXP objects to this request because it is vague and ambiguous. Further,
SXP objects because the request seeks documents irrelevant to the parties claims
and defenses until Quantlab identifies the various computer code, property,
documents and reports that it contends constitute its trade secrets in this case.
Subject to these objections and the general objections, SXP responds that it
believes it has no responsive documents however the request is interpreted..

**REQUEST FOR PRODUCTION NO. 86:**

All software or computer code copied or downloaded by SXP that belonged
to Quantlab.

**RESPONSE:**

SXP objects to this request because it is vague and ambiguous, and
incorporates by reference its objection to the definition of "computer code."
Further, SXP objects because the request seeks documents irrelevant to the parties
claims and defenses until Quantlab identifies the various computer code, property,
documents and reports that it contends constitute its trade secrets in this case.
Subject to these objections and the general objections, SXP responds that it
believes it has no responsive documents however the request is interpreted..

**REQUEST FOR PRODUCTION NO. 87:**

All software or computer code developed by SXP that has incorporated or
been derived from, in whole or in part, Quantlab's trading strategies, trading
technology, or proprietary computer code.

45

Dated this 26th day of May, 2010.

James M. Cleary, Jr.
State Bar No.: 00783838
Fed. ID No. 15499
Martin, Disiere, Jefferson & Wisdom,
LLP
808 Travis, Suite 1800
Houston, Texas 77002
Telephone: (713) 632-1775
Telecopier: (713) 222-0101
Email: cleary@mdjwlaw.com

Attorneys for Defendants SXP
Analytics, LLC and Emmanuel
Mamalakis

David G. Hanson (admitted *pro hac
vice*) **Attorney In Charge**
dhanson@reinhartlaw.com
Mark A. Cameli (admitted *pro hac vice*)
mcameli@reinhartlaw.com
Ryan S. Stippich (admitted *pro hac
vice*)
rstippich@reinhartlaw.com
Amy L. Lindner (admitted *pro hac vice*)
alindner@reinhartlaw.com
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
Telephone:  414-298-1000
Facsimile:  414-298-8097

Attorneys for Defendants SXP
Analytics, LLC and Emmanuel
Mamalakis

REINHART\3660836

74

5/2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

QUANTLAB TECHNOLOGIES, LTD.
(BVI) AND QUANTLAB
FINANCIAL, LLC,

                Plaintiffs,             Civil Action No. H-09-4039

         v.

VITALIY GODLEVSKY, ANDRIY
KUHARSKY, ANNA MARAVINA,
PING AN, EMMANUEL
MAMALAKIS and SXP
ANALYTICS, LLC,

                Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2010, a copy of Emmanuel Mamalakis's

and SXP Analytics, LLC's Responses to Plaintiff's First Requests for Admission,

Answers to Plaintiffs' First Set of Interrogatories, and Responses to Plaintiffs' First

Requests for Production, was sent by e-mail and first class United States mail to:

      Allan H. Neighbors, IV, Esq.
      Littler Mendelson, P.C.
      1301 McKinney Street, Suite 1900
      Houston, TX 77010-3031
      aneighbors@littler.com

By e-mail to:

Joseph Y. Ahmad, Esq.                          David Holmes, Esq.
Ahmad, Zavitsanos & Anaipakos, P.C.            Law Offices of David Holmes
3460 One Houston Center                        13201 Northwest Freeway, Suite 800
1221 Mckinney Street                           Houston, TX 77040
Houston, TX 77010-2009                         dholmes282@aol.com
joeahmad@azalaw.com

By first class mail to:

Ms. Ping An
92 North Chandler Creek
The Woodlands, TX 77381

Dated this 26th day of May, 2010.

James M. Cleary, Jr.                           David G. Hanson (admitted *pro hac*
State Bar No.: 00783838                        *vice*) **Attorney In Charge**
Fed. ID No. 15499                              dhanson@reinhartlaw.com
Martin, Disiere, Jefferson & Wisdom,           Mark A. Cameli (admitted *pro hac vice*)
LLP                                            mcameli@reinhartlaw.com
808 Travis, Suite 1800                         Ryan S. Stippich (admitted *pro hac
Houston, Texas 77002                           vice*)
Telephone: (713) 632-1775                      rstippich@reinhartlaw.com
Facsimile: (713) 222-0101                      Amy L. Lindner (admitted *pro hac vice*)
Email: cleary@mdjwlaw.com                      alindner@reinhartlaw.com
                                               Reinhart Boerner Van Deuren s.c.
Attorneys for Defendants SXP                   1000 North Water Street, Suite 1700
Analytics, LLC and Emmanuel                    Milwaukee, WI 53202
Mamalakis                                      Telephone: 414-298-1000
                                               Facsimile: 414-298-8097

                                               Attorneys for Defendants SXP
                                               Analytics, LLC and Emmanuel
                                               Mamalakis

EEOC FORM 131 (11/09)

# U.S. Equal Employment Opportunity Commission

| | |
|---|---|
| Marilyn Hartman<br>Human Resources Director<br>ENTERPRISE PRODUCTS GP, LLC<br>2727 North Loop West<br>Houston, TX 77008 | PERSON FILING CHARGE<br>**Leonor M. Garza**<br>THIS PERSON *(check one or both)*<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br>EEOC CHARGE NO.<br>**460-2012-01048** |

## NOTICE OF CHARGE OF DISCRIMINATION

*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act (Title VII) [ ] The Equal Pay Act (EPA) [ ] The Americans with Disabilities Act (ADA)

[ ] The Age Discrimination in Employment Act (ADEA) [ ] The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.
2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.
3. [X] Please provide by **23-MAR-12** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.
4. [ ] Please respond fully by to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.
5. [X] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by **14-MAR-12** to **Katherine S. Perez, ADR Coordinator, at (210) 281-2507**
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

**Julia Way,**
**Intake Supervisor**

*EEOC Representative*

*Telephone* **(210) 281-7621**

**San Antonio Field Office**
**5410 Fredericksburg Rd**
**Suite 200**
**San Antonio, TX 78229**
**Fax: (210) 281-7690**

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] Race [ ] Color [X] Sex [ ] Religion [ ] National Origin [ ] Age [ ] Disability [X] Retaliation [ ] Genetic Information [ ] Other

**See enclosed copy of charge of discrimination.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| **February 23, 2012** | **Travis G. Hicks,**<br>**Acting Director** | |

orm 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 460-2012-01048 |

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Leonor M. Garza** | **(956) 481-3621** | **10-27-1975** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1443 FM 2294, P.O. Box 6, Delmita, TX 78536** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **ENTERPRISE PRODUCTS GP LLC** | **500 or More** | **(956) 842-5965** |

| Street Address | City, State and ZIP Code |
|---|---|
| **142 Valero Rd,  Delmita, TX 78536** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

☐ RACE    ☐ COLOR    ☒ SEX    ☐ RELIGION    ☐ NATIONAL ORIGIN

☒ RETALIATION    ☐ AGE    ☐ DISABILITY    ☐ GENETIC INFORMATION

☐ OTHER (Specify)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **02-22-2011** | **12-19-2011** |
| ☐ CONTINUING ACTION | |

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

Since beginning my temporary assignment at the company, Cesar Alaniz has persistently harassed me by:

Asking me to perform other male employee's duties as well as his and intimidated me saying that  if I didn't, he would recommend I be fired.

He also yelled at me and constantly obsessed about my moods and accused me of having an attitude when I refused to engage with him in behavior and conversations that I felt were sexually offensive.

He made fun of my weight.  He brought in a scale and would force me to get on the weight and recorded my weight on a post- it and would leave it on my desk.  No other employee was subjected to this.

Continued on page 2……………………………………………………………………..

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |

X 1-30-12    X *[signature]*

Date            Charging Party Signature

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

*[notary seal]* ANNABEL D. ZEPEDA
MY COMMISSION EXPIRES
September 20, 2015

Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 460-2012-01048 |

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|

*State or local Agency, if any*

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Page 2

He always commented on my moods to other employees and told them he was going to get colored flags to place on my desk so they could tell what mood I was in.

He also took pictures of me from my backside and commented about me being fat.

He often had conversations of a sexual nature loud enough for me to hear, which I found to be inappropriate and embarrassing for me and also once asked me if I had gone home for a "quickie".

He often would yell at me because he said I was not acting right.

I finally reported him to Human Resources, Marilyn Hartman October 2011.

Due to the hostile work environment, I went on FMLA and was cleared by my doctor to return on December 16, 2011. Upon my return to work, Mr. Alaniz did not allow me to work and referred me to my staffing agency.

I reported back to my assignment on December 19, 2012, however, I was discharged by Ross Hughes, South Texas Area Supervisor. Reason given to me: There was a decrease in temporary staffing.

I believe I have been discriminated against because of my sex, female, and retaliated against for complaining of gender discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| X _____    _____ Date            Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

ANNABEL D. ZEPEDA
MY COMMISSION EXPIRES
September 20, 2015