# Exhibit F

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| QUANTLAB TECHNOLOGIES, LTD. (BVI) and QUANTLAB FINANCIAL, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> VITALIY GODLEVSKY, ANDRIY KUHARSKY, ANNA MARAVINA, PING AN, EMMANUEL MAMALAKIS and SXP ANALYTICS, LLC, <br><br> Defendants. | Civil Action No. H-09-4039 |

## DEFENDANT SXP ANALYTICS, LLC'S ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant SXP Analytics, LLC ("SXP") hereby responds and objects to Plaintiff's first set of interrogatories as follows:

### PRELIMINARY STATEMENT

SXP has not yet fully completed its investigation of the facts related to the case, has not fully completed discovery in this action, and has not completed its preparation for trial. All of the answers contained herein are based only upon such information and documents as are presently available and specifically known to SXP. It is anticipated that further discovery, independent investigation, legal

research, and analysis will supply additional facts, add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contents set forth herein.

The following responses are given without prejudice to SXP's right to produce evidence of any subsequently discovered fact or facts. SXP accordingly reserves the right to change and supplement any and all responses herein as additional facts are ascertained, analyses are made, and legal research is completed. The answers contained herein are made in a good faith effort to supply as much factual information as is presently known, but should in no way prejudice SXP's right to supplement or augment its responses to these Requests as its discovery and investigation continues. SXP objects to all the requests to the extent they request attorney-client privileged communications.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. SXP objects to the definition of "High frequency trading" as vague, ambiguous and misleading. For example, all sorts of activity related to trading in securities would fall into this definition, such as any intra-day purchasing and selling of a single stock without regard to the scope or frequency of the trading activity, all of which are irrelevant to this case.

2. SXP objects to the definition of "Trading strategies" as it is vague and ambiguous. The definition, particularly as it includes any "other analytical tools to identify market mispricings," describes what every single buyer or seller

of stock does when he/she/it buys or sells a security. Every investor is attempting to take advantage of market mispricings through the use of analytical tools, statistical patterns, "or other factors that may allow a person to forecast what a price of various financial instruments will be in the future."

3. SXP objects to the definition of "Trading technology" because it is vague, ambiguous, and overly broad. For example, trading technology under this definition would include the use of common internet stock trading devices such as those provided by TDAmeritrade or E*Trade.

4. SXP objects to the definition of "Automated trading" because it is vague, ambiguous, and overbroad. For example, common stock orders, such as limit orders, placed through the internet would qualify as "Automated trading" under this definition.

5. SXP objects to the definition of "computer code" because it is vague, ambiguous, and so overbroad that it lacks any specific meaning whatsoever.

## GENERAL OBJECTIONS

6. SXP objects to each Interrogatory insofar as it is vague, overly broad, unduly burdensome, not reasonably tailored to the issues of the case and not reasonably calculated to lead to the discovery of admissible evidence.

7. SXP further objects to each Interrogatory insofar as it seeks disclosure of confidential information or documents or things protected by the attorney-client privilege, the work product doctrine or any other applicable

3

privileges or doctrines. SXP intends to assert these objections and privileges with respect to any information to which they may apply.

8. The disclosure of any information, or failure currently to object to any specific request, does not constitute a waiver of right with respect to the disclosure of information or future requests for information.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify the specific asset classes that SXP has traded since its inception and, for each asset class, identify the specific timeframe (i.e., beginning and ending dates) during which SXP has traded that asset class.

### ANSWER:

SXP objects to the phrase "asset classes" because it is vague and ambiguous. SXP further objects to this interrogatory as it is overbroad and unduly burdensome. Subject to and without waiving these specific objections and the general objections set forth above, SXP responds in a good faith attempt to answer the interrogatory as follows:

SXP has traded stocks on various exchanges based in the United States, including the New York Stock Exchange, the NASDAQ (including the NASDAQ BX Exchange), BATS Exchange, NYSE Arca, and Direct Edge ECN.

4

**INTERROGATORY NO. 2:**

Identify the particular financial markets on which SXP currently trades and, for each market, specify the percentage of SXP's total 2009 trading volume attributable to that financial market.

**ANSWER:**

SXP objects the phrase "financial markets" because it is vague and ambiguous as used in this interrogatory. Subject to and without waving this specific objection and the general objections above, SXP responds in a good faith attempt to answer this interrogatory as follows:

SXP currently trades stocks on various exchanges based in the United States, including the New York Stock Exchange, the NASDAQ (including the NASDAQ BX Exchange), BATS Exchange, Inc., NYSE Arca, and Direct Edge ECN. 100% of SXP's trading volume is tied to the transactions described in the preceding sentence.

**INTERROGATORY NO. 3:**

Identify any and all broker-dealers, service bureaus, clearing firms, sponsoring brokers, exchanges, or any other third party used to facilitate any aspect of your trading activities.

**ANSWER:**

SXP objects to the phrase "other third party used to facilitate any aspect of your trading activity" because it is vague, ambiguous and overbroad. Further, SXP objects to this interrogatory because it requests information that is not

5

relevant to the parties claims and defenses, since Plaintiffs have failed to identify any trade secrets or other proprietary information with any specificity. Subject to and without waiving these specific objections and SXP's general objections, SXP responds in a good faith attempt to answer this interrogatory as follows:

SXP has used the following broker-dealers, service bureaus, clearing firms, sponsoring brokers in its business:

>   Penson Financial Services, Inc.
>   1700 Pacific Avenue, Suite 1400
>   Dallas, Texas 75201
>
>   GLB Trading, Inc.
>   3333 Michelson Ave.
>   Irvine, CA 92612
>
>   Stock USA Execution Services, Inc.
>   1717 Route 6
>   Carmel, NY 10512

With respect to exchanges used, SXP incorporates by reference the exchanges listed in its answers to Interrogatory Nos. 1 and 2.

**INTERROGATORY NO. 4:**

Identify the average frequency of SXP's trades for the years 2007, 2008, and 2009. In answering this interrogatory, please identify the average frequency for each particular year in a numerical measure of seconds, minutes, hours, or days.

6

ANSWER:

SXP objects that "average frequency" and "frequency of SXP's trades" is vague, ambiguous and overbroad. Subject to and without waiving this specific objection and the general objections set forth above, SXP responds as follows: Under any definition of this phrase as SXP understands it, SXP does not create or retain data that would permit it to determine a response to this question.

INTERROGATORY NO. 5:

Identify the particular investors in SXP's automated trading business (or trading fund) from the time of SXP's inception to present. For each investor, please specify the person's name, address, telephone number, and date and amount of initial investment.

ANSWER:

SXP incorporates herein its objection to the definition of "automated trading." Further, SXP objects to this request on the grounds that it does not seek information relevant to the parties claims and defenses and is not likely to lead to the discovery of admissible evidence. Rather, this interrogatory is propounded with the intent to embarrass, annoy, or harass SXP and interfere with SXP's business.

INTERROGATORY NO. 6:

Identify any and all computer files that contain any computer code or computer code fragments originally developed by Quantlab employees during their employment with Quantlab that have been, at any point in time, in the

possession, custody, or control of SXP. For each document or file identified in your answer, please provide: the name or a detailed description of the document or file; the place and time at which it came into your possession, custody, or control; and the person(s) who provided it to you.

**ANSWER:**

SXP incorporates herein its objection to the definition of "computer code" set forth above, and specifically objects further to the phrase "computer code or computer code fragments developed by Quantlab" because it is vague and ambiguous. Further, until Quantlab identifies with specificity its computer code or computer code fragments at issue in this case, this interrogatory is overbroad, unduly burdensome, seeks information irrelevant to the parties' claims and defenses, and therefore SXP also lacks information sufficient to respond to this request.

**INTERROGATORY NO. 7:**

To the extent not encompassed by Interrogatory No. 6, identify any and all property (whether electronic or paper) belonging to Quantlab that has been, at any point in time, in the possession, custody, or control of SXP. For each piece of property responsive to this interrogatory, please provide: the name or a detailed description of the property; the place and time at which it came into your possession, custody, or control; and the person(s) who provided it to you.

**ANSWER:**

SXP objects that "property (whether electronic or paper) belonging to Quantlab" is vague and ambiguous. Further, until Quantlab identifies with specificity the property belonging to Quantlab at issue in this case, this interrogatory is overbroad, unduly burdensome, seeks information irrelevant to the parties' claims and defenses, and therefore SXP also lacks information sufficient to respond to this request.

**INTERROGATORY NO. 8:**

Identify all Quantlab employees (current or former) with whom any employee, officer, or representative of SXP has discussed Quantlab's trading strategies or trading technology, specifying for each: the date and place of the discussion and the identity of the SXP employee, officer, or representative who participated in the discussion with the Quantlab employee.

**ANSWER:**

SXP incorporates herein its objections to the definitions of "trading strategies" and "trading technology," and further specifically objects to the phrase "Quantlab's trading strategies or trading technology" because it is vague, ambiguous, and overbroad. Further, until Quantlab identifies with specificity the the Quantlab trading strategies or technology at issue in this case, this interrogatory is overbroad, unduly burdensome, seeks information irrelevant to the parties' claims and defenses, and therefore SXP also lacks information sufficient to respond to this request.

9

**INTERROGATORY NO. 9:**

For each computer or electronic storage device seized from SXP's offices by the Federal Bureau of Investigation ("FBI") in March 2008, identify: the manufacturer, model, and serial number of the computer or device; its physical location(s) since being returned to SXP; whether it has been used by SXP since being returned; and the primary user of that computer or device prior to its seizure by the FBI.

**ANSWER:**

Pursuant to Rule 33(d), SXP refers Plaintiffs to the FBI inventory or property seized, a copy of which will be produced for inspection and copying at a mutually agreeable time and place. Further answering, SXP has not used any of the computers or electronic storage devices returned to it by the FBI.

**INTERROGATORY NO. 10:**

Identify all landline, digital, and mobile phone providers that SXP has contracted with (or otherwise used) for phone services since March 10, 2007, and identify the telephone numbers serviced by these providers for Mamalakis, Kuharsky, Godlevsky, and An during that time.

**ANSWER:**

SXP objects to "or otherwise used" as vague, ambiguous, overbroad, unduly burdensome, and not likely to lead to the discovery of admissible information. Subject to this objection and the general objections set forth above, SXP responds in a good faith attempt to answer the interrogatory as follows:

10

SXP Landlines:

| Phone Number | Location | Provider |
|---|---|---|
| 414-273-8320 | SXP - Prospect Ave | ATT |
| 414-273-8308 | SXP - Prospect Ave | ATT |
| 414-273-8309 | SXP - Prospect Ave | ATT |
| 414-273-8314 | SXP - Prospect Ave | ATT |
| 414-273-8315 | SXP - Prospect Ave | ATT |
| 414-273-8316 | SXP - Prospect Ave | ATT |
| 414-273-8317 | SXP - Prospect Ave | ATT |
| 414-273-8321 | SXP - Prospect Ave | ATT |
| 414-273-8322 | SXP - Prospect Ave | ATT |
| 414-273-8323 | SXP - Prospect Ave | ATT |
| 414-273-8351 | SXP - Prospect Ave | ATT |
| 414-273-8352 | SXP - Prospect Ave | ATT |
| 414-273-8353 | SXP - Prospect Ave | ATT |
| 414-273-8355 | SXP - Prospect Ave | ATT |
| 262-784-8290 | SXP - Brookfield | ATT |
| 262-784-3599 | SXP - Brookfield | ATT |
| 262-784-4223 | SXP - Brookfield | ATT |
| 262-784-8292 | SXP - Brookfield | ATT |
| 262-784-8047 | Mamalakis Home | ATT |
| 832-255-6060 | SXP - Houston | Logix |
| 832-255-6061 | SXP - Houston | Logix |
| 832-255-6062 | SXP - Houston | Logix |
| 832-255-6063 | SXP - Houston | Logix |
| 832-255-6064 | SXP - Houston | Logix |

SXP Cell Phones:

| Model Name | Provider | Phone Number |
|---|---|---|
| Mamalakis' RIM BB Tour 9630 non camera | Verizon | 414-403-4366 |

Further answering, SXP did not provide cell phones for Kuharky, An, or Godlevsky.

11

## INTERROGATORY NO. 11:

Identify all Internet and e-mail service providers that SXP has contracted with (or otherwise used) since March 10, 2007.

## ANSWER:

SXP objects to "or otherwise used" as vague, ambiguous, overbroad, unduly burdensome, and not likely to lead to the discovery of admissible information. As for providers SXP contacted with, SXP answers:

| ISP | Location |
|---|---|
| Time Warner Roadrunner | Brookfield Office |
| ATT DSL | Prospect Office (Start up and currently used for Testing) |
| One Comunications | Prospect Office |
| Comcast | Houston Office |
| MZIMA | SFTI Co-location |
| F-TEN | F-TEN co-location |
| LEVEL 3 | Houston Co-located Servers |
| Penson | CME Servers |
| Lightower | Co-Location at Carteret NJ |
| Nexgen | Co-Location Weehawken |
| Packet-Exchange/Mzima | Co-location Seacaucus |
| Stock USA | Co-location Stock USA |
| Options IT | Co-located Servers provided by Options IT at London and Tokyo and NY |

## INTERROGATORY NO. 12:

Identify each person who has written or otherwise contributed computer code for inclusion in SXP's trading technology.

## ANSWER:

SXP incorporates herein its objection to the definition of "computer code" and "trading technology," and objects to the phrase "otherwise contributed"

12

because it is vague, ambiguous and overbroad. Subject to and without waiving this objection, SXP responds as follows:

The following current employees have worked on SXP's proprietary computer software: Dean Lavdas, Steve Lavdas, Gennadi Viazmitinov, Oleg Khovayko, Carl Edquist, Yury Shimansky. In addition, the following former employees of SXP have worked on SXP's proprietary computer software: Oleg Bolgarchuk, Farooq Jan, Matthew Stephens, Shyam Jeganathan, Guobin He, and Corwin Joy.

**INTERROGATORY NO. 13:**

Identify all SXP employees (current or former) who had access to any computer code or computer code fragments originally developed by Quantlab employees during their employment with Quantlab.

**ANSWER:**

SXP incorporates herein its objection to the definition of "computer code" set forth above, and specifically objects further to the phrase "computer code or computer code fragments developed by Quantlab" because it is vague and ambiguous. Further, until Quantlab identifies with specificity its computer code or computer code fragments at issue in this case, this interrogatory is overbroad, unduly burdensome, seeks information irrelevant to the parties' claims and defenses, and therefore SXP also lacks information sufficient to respond to this request.

13

## INTERROGATORY NO. 14:

Identify each bank and other financial institution accounts used by SXP.

## ANSWER:

SXP objects to this request as vague, not relevant to the parties claims and defenses, and not reasonably calculated to lead to the discovery of admissible evidence.

Dated this 26th day of May, 2010.

As to Objections:

David G. Hanson (admitted *pro hac vice*) **Attorney In Charge**

James M. Cleary, Jr.
State Bar No.: 00783838
Fed. ID No. 15499
Martin, Disiere, Jefferson & Wisdom, LLP
808 Travis, Suite 1800
Houston, Texas 77002
Telephone: (713) 632-1775
Facsimile: (713) 222-0101
Email: cleary@mdjwlaw.com

Attorneys for Defendants SXP Analytics, LLC and Emmanuel Mamalakis

dhanson@reinhartlaw.com
Mark A. Cameli (admitted *pro hac vice*)
mcameli@reinhartlaw.com
Ryan S. Stippich (admitted *pro hac vice*)
rstippich@reinhartlaw.com
Amy L. Lindner (admitted *pro hac vice*)
alindner@reinhartlaw.com
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
Telephone: 414-298-1000
Facsimile: 414-298-8097

Attorneys for Defendants SXP Analytics, LLC and Emmanuel Mamalakis

REINHART\3650801

14

## VERIFICATION

I, Emmanuel Mamalakis, being duly sworn on oath, state I have read SXP Analytics, LLC's Answers to Plaintiffs' First Set of Interrogatories and, to the best of my knowledge and based on my personal knowledge and/or information that I have learned or information that has been made available to me, I verify that the answers to the interrogatories are true and correct to the best of my knowledge and belief.

_____
Emmanuel Mamalakis

State of Wisconsin    )
                      : SS
Milwaukee County      )

Signed and sworn to before me on the 26 day of May, 2010, by Emmanuel Mamalakis.

[Seal]

_____
Jason P. Solonnka
Notary Public, State of Wisconsin
My commission expires on March 17, 2013

15