# Exhibit G



Littler Mendelson, P.C.
1301 McKinney Street
Suite 1900
Houston, TX 77010

December 20, 2011

Timothy A. Rybacki
713.652.4734 direct
713.951.9400 main
713.951.9212 fax
trybacki@littler.com

**BY FACSIMILE AND E-MAIL**

Mr. David Hanson
Reinhart Boerner Van Deuren, SC
1000 North Water Street, Suite 1700
Milwaukee, Wisconsin 53202

Re: No. H-09-4039; *Quantlab Technologies Ltd. (BVI), et al. v. Vitaliy Godlevsky, et al.*, in the U.S. District Court for the Southern District of Texas, Houston Division

Dear Mr. Hanson:

We write to follow-up on your December 7 letter to Allan Neighbors, in which you stated that SXP will "revisit" and supplement its written discovery responses. In doing so, please ensure that SXP addresses the following specific issues.

SXP'S ANSWERS TO QUANTLAB'S FIRST SET OF INTERROGATORIES

*Nos. 1-3, 10-12:* Especially given that more than 18 months have now passed since SXP first answered these interrogatories, please re-evaluate those answers and make all necessary supplementations as required by the Federal Rules of Civil Procedure.

*No. 5:* We disagree with your objections to this interrogatory and ask that SXP fully answer it. We are fairly sure that SXP knows what automated trading it has conducted, which leaves us somewhat puzzled as to what could be vague or ambiguous about the phrase "SXP's automated trading business." We likewise believe the relevance and harassment objections are meritless. This is especially so given the forensic evidence uncovered to date and what SXP has already admitted in this and other suits regarding its possession of Quantlab intellectual property, the loading of Quantlab property onto SXP computers, and the "willful misconduct" of certain of its principals (e.g., Mr. Godlevsky) with respect to that property. In short, there is already substantial evidence that the theft and misuse of Quantlab's code and other files was a significant part of SXP's efforts to build an automated trading platform. Quantlab is entitled to know who has invested in such an unlawful enterprise and who may have been unjustly enriched by the wrongful acts of SXP and its principals and vice-principals.

*Nos. 6-7, 13:* Interrogatory Nos. 6 and 7 merely seek to discover what Quantlab code, files, and other property are in SXP's possession, custody, or control. Interrogatory No. 13 merely seeks the identity of SXP employees who had access to that Quantlab property while at SXP. We disagree with your objections. The information sought is some of the most important and

littler.com

most basic in this case. This is especially true given that SXP no longer seems to dispute that it has stolen Quantlab code/files and that at least some of those stolen materials were copied and accessed by SXP employees. Discovery of what those stolen materials are is not a game or a quiz requiring Quantlab to successfully pinpoint and recite the identity of all of the stolen code and other files before SXP must admit to having them. Nor can SXP feign ignorance as to what Quantlab property it may have, especially following its communications with the USA, SXP's own forensic analysis, the representations made in SXP's Complaint against Mr. Godlevsky in the recent Wisconsin suit, and the filing of Quantlab's detailed Second Amended Complaint. Please provide complete answers to these interrogatories.

*No. 8:* This interrogatory seeks the identities of the current and former Quantlab employees with whom SXP discussed Quantlab's trading strategy and technology, as well as certain basic facts about those discussions. SXP's objections to this interrogatory are not valid for many of the same reasons that its objections to Interrogatory Nos. 6 and 7 have no merit. There is no legitimate reason for SXP personnel to be discussing Quantlab's trading strategy or trading technology. And there is nothing Quantlab needs to further disclose to be entitled to the limited information sought regarding those discussions.

*No. 9:* This interrogatory seeks certain identifying information for the computers and other electronic storage devices seized by the FBI from SXP's offices in March 2008. SXP responded that the answer could be found in the FBI's inventory of the seized property, which has not yet been produced to Quantlab and, in any event, would not seem to meet the requirements of Federal Rule of Civil Procedure 33(d). Please produce the FBI inventory to us as soon as possible, and please answer this interrogatory.

### SXP's Responses to Quantlab's First Requests for Admission

We ask that you please also re-evaluate SXP's responses to Quantlab's admission requests. We believe those responses are deficient in a number of respects and, frankly, appear to have stonewalling Quantlab as their primary objective.

For example, SXP asserted many "vague and ambiguous" objections to Quantlab's use of certain basic industry terms, such as: computer code, source code, automated trading, high-frequency trading, data deletion software, and profits. None of those objections are valid. In fact, many of the supposedly vague terms are specifically defined in Quantlab's admission requests. The other terms are so fundamental that they could hardly be defined further.[1] Please remove the invalid vague and ambiguous objections to Request Nos. 1-16, 24-37, 41-44, 56-63, 66-86, 99, 101, and 102.

---

[1] It is further notable that SXP has understood many of these "vague" terms well enough to use in its *own* pleadings, despite purporting to be confused when those same terms are used by Quantlab. *See* SXP's Complaint in Cause No. 11-CV-016686, ¶ 20 ("computer code"); *see also* Karrels Affidavit in support of SXP's Motion for Protective Order in Cause No. 2011-27796, ¶¶ 2-3 ("high-frequency trading," "trading strategy," "automated trading").

Mr. David G. Hanson
December 20, 2011
Page 3

Please also remove SXP's numerous objections that improperly purport to require Quantlab to satisfy certain conditions before SXP will admit or deny basic facts. As already discussed with respect to Interrogatory Nos. 6-7 and 13, there is no basis whatsoever for requiring Quantlab to pinpoint and recite the identity of every stolen file or piece of code before SXP participates in basic discovery. In any event, SXP should already know much of what those stolen Quantlab materials include are after its own forensic analysis, its communications with the federal criminal authorities, its representations in the Wisconsin suit against Mr. Godlevsky, and reviewing Quantlab's Second Amended Complaint.

In addition to the above issues, we believe the facts and evidence already uncovered very much call into question the veracity of certain of SXP's responses. We believe that SXP's responses (or lack thereof, in some cases) to request for admission nos. 4, 6, 14-16, 24-35, 41-43, 56-57, 64-66, 99, and 100 are particularly suspect. We ask that inaccurate responses please be immediately corrected.

### DOCUMENTS SXP HAS AGREED TO PRODUCE

In response to Quantlab's First Requests for Production Nos. 1, 3-8, 26, 33-42, 96, 97, 100-102, 104, 105, 111, 114, 116, 119, 125, 127-129, 131, and 135, SXP stated that it will produce documents "at a time and place mutually convenient to counsel." We ask that you please send those documents within the next 14 days. To the extent that SXP is withholding any documents until a protective order is in place, please recall that we circulated a proposed Agreed Protective Order prior to the stay being entered and that we still have not received any comments from you on that. Please let me know if you are agreeable to that protective order so we can move forward with document production without further delay.

### DOCUMENTS SXP "BELIEVES" IT DOES NOT HAVE

As you know, the Federal Rules of Civil Procedure require SXP to conduct a diligent search for all requested information within the scope of discovery and indicate whether it, *in fact*, has any responsive documents. However, in response to Quantlab's First Request for Production Nos. 51-88, 94, 98, 99, 106, 110, 112, 113, 120, 124, 126, and 136, SXP has ambiguously stated only that it "believes" it has no responsive documents. This falls short of what Rule 34 requires. Based on what has already been uncovered, we also question the veracity of any affirmative representations by SXP that it does not have documents responsive to a number of these requests. Please ensure that SXP completes a full and diligent search for all of the items requested by Quantlab. Where responsive items exist, please produce them. Where SXP claims it has no responsive items, please unambiguously state as much.

### SXP's RESPONSES TO QUANTLAB'S FIRST REQUEST FOR PRODUCTION

*Nos. 11, 12:* These requests seek SXP's business plans and documents showing the mission and objectives of SXP. SXP's only objections are that Quantlab should first have to undertake

Mr. David G. Hanson
December 20, 2011
Page 4

some sort of detailed identification of the specific stolen Quantlab code, documents, and other intellectual property. As already discussed above with respect to SXP's interrogatory answers and admission responses, this objection is not proper and has no basis in the Federal Rules of Civil Procedure. Moreover, SXP can no longer claim that it does not know the identity of stolen Quantlab property in its possession for reasons already discussed. Quantlab is entitled to the requested documents, which are highly relevant, particularly given the facts and evidence already uncovered to date.

*Nos. 15-25:* These requests seek basic financial documents for SXP, such as periodic balance sheets, P & L statements, and revenue reports for 2007 to 2010. Despite SXP's objections, these documents are relevant to damages and, in particular, the amount of income that SXP has derived from its misuse of Quantlab's trade secrets and confidential information. Please produce the requested documents to us.

*No. 31:* We do not understand your objections to this request, which merely seeks documents and communications regarding Maravina. Maravina testified at her state court deposition that she had no involvement with SXP and knew next to nothing about SXP's business. Therefore, we do not see how the requested documents could possibly include "trade secret information" of SXP. Likewise, there can be no valid irrelevance/overbreadth argument, especially given what already has been uncovered (and communicated to SXP's lawyers) regarding Maravina's unauthorized copying and thefts of Quantlab intellectual property and the fact that certain of that same stolen property has been found by the FBI on SXP computers. Quantlab is entitled to SXP's communications regarding Ms. Maravina.

*Nos. 43-62, 84-91:* SXP's objections to these requests are not valid. We also believe the veracity of many of SXP's responses to those requests is highly suspect given the known facts. Request Nos. 43-62 seek Quantlab documents, code, and other items regarding Quantlab's business that Kuharsky, Godlevsky, Maravina, and An provided to SXP. The other requests seek similar materials, including Quantlab documents, code, and other property in SXP's possession (Nos. 84-88) and communications and other documents in SXP's possession that discuss Quantlab's business, trading models, algorithms, methods, or strategies.[2] (Nos. 89-91). SXP has no right to possess Quantlab code or other intellectual property, and SXP most certainly has no right to withhold production of those materials in discovery. Nor does SXP have any valid grounds (on relevance or otherwise) for withholding communications and other documents discussing or referencing Quantlab. This is especially so given the facts and evidence already uncovered to date, including by the federal government. Those same facts and evidence—along with SXP's own recent representations—further appear to make clear that certain of SXP's responses are simply incorrect (*see, e.g.,* nos. 51-62, 84-89). Incorrect

---

[2] There should be no confusion on SXP's part as to what Quantlab is requesting. SXP's vagueness and ambiguity objections as to such basic industry terms as "computer code," "high-frequency trading," and "trading strategies" are thoroughly without merit.

Mr. David G. Hanson
December 20, 2011
Page 5

responses should be immediately corrected, and all items responsive to Request Nos. 43-62 and 84-91 should be produced.

*Nos. 28-30, 107, 121, 132:* These requests seek the production of code, trading strategies, and trading technologies developed by Kuharsky, Godlevsky, and An on behalf of SXP. Based in part on the FBI finding proprietary Quantlab research and technology code on Mr. Kuharsky and Mr. Godlevsky's SXP computers (*see, e.g.,* AUSA Robb Johnson's August 30, 2011, letter), Quantlab has very good reason to believe that the code and trading strategies developed by these former Quantlab employees at SXP contain or were otherwise improperly derived from misappropriated Quantlab information. SXP's objections to these requests are not valid, and, as noted above, we have already proposed an agreed protective order to address any concerns regarding the requested materials' purported confidentiality.

*Nos. 92-94:* These requests seek communications and other documents regarding SXP's decision to engage in high-frequency trading, engage in pairs trading, and use Quantlab code. During his September 2007 deposition, Mr. Godlevsky testified that SXP had only considered doing pairs trading, which contradicts SXP's admissions that, from the outset, the company was formed with an eye towards high-frequency trading. (*See, e.g.,* SXP Complaint, ¶ 13, in Cause No. 11-CV-016686). Quantlab believes that Mr. Godlevsky's deposition testimony was intended to defraud Quantlab into thinking SXP would not compete with Quantlab and that no one at SXP would have any use for (and thus would not steal, misuse, or disclose) Quantlab's trade secrets. The documents sought by Request Nos. 92 and 93 are relevant to that issue and plainly discoverable, despite SXP's objections. Likewise, there is certainly no valid basis for SXP to withhold documents discussing its plan or intent to misuse Quantlab computer code as sought by Request No. 94.

*Nos. 95, 109, 123, 134:* These requests seek SXP's production of the computers and other electronic storage devices seized by the FBI, as well as those assigned to Mr. Godlevsky, Mr. Kuharsky, and Ms. An. There is no dispute that Quantlab code already has been located on certain of these devices; in fact, SXP has admitted as much. Additionally, AUSA Robb Johnson's August 30 letter demonstrates that evidence of highly proprietary Quantlab software has been found on the SXP computers assigned to Messrs. Godlevsky and Kuharsky, which are the subject of Request Nos. 109 and 123. Quantlab also has good reason to believe that Ping An was directly involved in the conspiracy, as described in the Second Amended Complaint. We believe the law makes clear that, under these circumstances, Quantlab is entitled to have its forensic expert(s) image and examine the requested devices. We are glad to discuss a proper protocol for the analysis of the devices at issue, but they must be produced for expert examination.

*No. 118:* This request seeks communications and other documents regarding the termination of Godlevsky's employment with SXP. SXP did not object to this request and originally responded that no responsive documents exist. That situation undoubtedly has changed with

Mr. David G. Hanson
December 20, 2011
Page 6

SXP's apparent firing of Godlevsky in February 2011. Please amend your response and produce the documents requested.

*No. 139:* This request seeks invoices, bills, and other documents relating to the destruction, deletion, or forensic extraction of electronic data from SXP computers since the date of the FBI's search warrant execution in 2008. SXP's only objection is on "grounds of attorney-client privileged [sic] and work product protection." We are not sure what requested items could be covered by those privileges. Nor are we sure how SXP's compliance (or non-compliance) with Magistrate Judge Smith's December 17, 2008 order in the SXP criminal matter could be shielded by such privileges. Nonetheless, please identify the materials that SXP has withheld on privilege grounds in response to this request (and any other of Quantlab's requests and interrogatories) in a privilege log as required by Federal Rule of Civil Procedure 26(b)(5).

*No. 148:* This request seeks agreements between SXP and service providers involved in SXP's trading activities, including, for example, agreements for brokerage, exchange, and data feed services. SXP has identified various such service providers in its initial disclosures. The agreements with those providers are discoverable to establish important facts such as: when SXP began trading on certain exchanges, which data feeds they have received and when, and the timing and type of brokerage arrangements made by SXP. Those facts and the documents sought by this request are particularly relevant in light of SXP's undisputed possession of Quantlab code, evidence already uncovered regarding SXP employees' working with that code, and Quantlab's contention that SXP has used that stolen code to unjustly enrich themselves and the other conspirators. Please produce the requested documents.

INITIAL DISCLOSURES

In addition to addressing the issues discussed above, we ask that you please review and supplement SXP's initial disclosures consistent with the requirements of the Federal Rules of Civil Procedure.

We hope that these discovery issues can be resolved without Judge Ellison's intervention. To that end, please supplement SXP's written discovery responses as requested above by January 9, 2012. If we do not receive the requested documents and information by then, we will be moving forward with a motion to compel. If you would like to discuss these matters further, please feel free to give us a call.

Sincerely,

Tim Rybacki

TAR/lmh

Mr. David G. Hanson
December 20, 2011
Page 7

cc: **BY U.S. MAIL**

    Mr. Jim Cleary
    Martin, Disiere, Jefferson & Wisdom, LLP
    808 Travis, Suite 1800
    Houston, Texas 77002

    Mr. Joe Ahmad
    Mr. Kinan Romman
    Ahmad, Zavitsanos & Anaipakos, PC
    1221 McKinney Street, Suite 3460
    Houston, Texas 77010

    Mr. David Holmes
    Law Offices of David C. Holmes
    13201 Northwest Freeway, Suite 800
    Houston, Texas 77040

    Ms. Ping An
    92 N. Chandler Creek
    The Woodlands, Texas 77381

    Mr. Scott McDonald [Firm—Dallas]
    Mr. Allan Neighbors [Firm—Houston]
    Mr. Travis Odom [Firm--Houston]

Firmwide:105627049.1 038021.1013



## FACSIMILE COVER SHEET

December 20, 2011

| | | | | | |
|---|---|---|---|---|---|
| To: | David G. Hanson<br>Reinhart Boerner Van Deuren | Fax: | 414.298.8097 | Phone: | 414.298.8097 |

Fax #(s) verified before sending (initial):

| | | | | | |
|---|---|---|---|---|---|
| From: | Tim Rybacki | Fax: | 713.951.9212 | Phone: | 713.652.4734 |

Length, including this cover letter:     8     Pages

If you do not receive all pages, please call 713.652.4745.

**Message:**

Re:   No. H-09-4039; *Quantlab Technologies Ltd. (BVI), et al. v. Vitaliy Godlevsky, et al.*, in the U.S. District Court for the Southern District of Texas, Houston Division

See attached correspondence.

**CONFIDENTIALITY** – The information contained in this fax message is intended only for the personal and confidential use of the designated recipient(s) named above. This message is a communication from attorneys or their agents relating to pending legal matters and, as such, is intended to be privileged and/or confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.

Transmittal Completed: _____ am / pm   Client Code: _____   User Number:  1976

Littler Mendelson, P.C.
1301 McKinney Street, Suite 1900, Houston, TX 77010
Tel: 713.951.9400  Fax: 713.951.9212  www.littler.com

# hp LaserJet 4345mfp series



## Fax Call Report 1

LITTLER MENDELSON P.C.
(713) 951-9212
20-Dec-2011 05:36 PM

| Job | Date/Time | Type | Identification | Duration | Pages | Result |
|---|---|---|---|---|---|---|
| 733 | 20-Dec-2011 05:32 PM | Send | 914142988097 | 3:20 | 8 | Success ✓ |



### FACSIMILE COVER SHEET

December 20, 2011

To: David G. Hanson Fax: 414.298.8097 Phone: 414.298.8097
Reinhart Boerner Van Deuren

Fax #(s) verified before sending (initial): ____

From: Tim Rybacki Fax: 713.951.9212 Phone: 713.652.4734

Length, including this cover letter: 8 Pages

If you do not receive all pages, please call 713.652.4745.

Message:

Re: No. H-09-4039; *Quantlab Technologies Ltd. (BVI), et al. v. Vitaliy Godlevsky, et al.*, in the U.S. District Court for the Southern District of Texas, Houston Division

See attached correspondence.

CONFIDENTIALITY -- The information contained in this fax message is intended only for the personal and confidential use of the designated recipient(s) named above. This message is a communication from attorneys or their agents relating to pending legal matters and, as such, is intended to be privileged and/or confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.

Transmittal Completed: _____ am / pm Client Code: _____ User Number: 1976

Littler Mendelson, P.C.
1301 McKinney Street, Suite 1900, Houston, TX 77010
Tel: 713.951.9400 Fax: 713.951.9212 www.littler.com

Aguillon, Camille O.

| | |
|---|---|
| **From:** | Aguillon, Camille O. |
| **Sent:** | Tuesday, December 20, 2011 5:28 PM |
| **To:** | dhanson@reinhartlaw.com |
| **Cc:** | Neighbors, Allan H.; Rybacki, Timothy A.; Odom, Travis J. |
| **Subject:** | Quantlab Technologies v. Vitaly Godlevsky, et al - Correspondence |
| **Attachments:** | Document.pdf |

Dear Mr. Hanson,

At the direction of Tim Rybacki, I am sending you correspondence regarding the referenced matter. If you have any questions or comments, please contact Mr. Rybacki at 713.652.4734.

Sincerely,


**Camille Aguillon,** Legal Secretary
713.652.4749 direct   CAguillon@littler.com
1301 McKinney Street, Suite 1900 | Houston, TX 77010-3031

**Littler**  | littler.com
Employment & Labor Law Solutions Worldwide