# Exhibit L

| STATE OF WISCONSIN | CIRCUIT COURT<br>CIVIL DIVISION | MILWAUKEE COUNTY |
|---|---|---|

SXP ANALYTICS, LLC,
a Wisconsin limited liability company,
2266 North Prospect Avenue
Suite 608
Milwaukee, WI 53202, and

EMMANUEL M. MAMALAKIS,
7800 North Lake Drive
Fox Point, WI 53217,

                Plaintiffs,

        v.

VITALIY GODLEVSKY,
6198 Congress Drive
West Bend, WI 53095,

                Defendant.

Case No. _____

**FILED**
NOV 0 2 2011
JOHN BARRETT
Clerk of Circuit Court

**COMPLAINT**

    Plaintiffs SXP Analytics, LLC ("SXP") and Emmanuel M. Mamalakis ("Mamalakis"), by their attorneys Reinhart Boerner Van Deuren, s.c., in support of their Complaint against the defendant, allege the following:

### THE PARTIES

    1.    Plaintiff SXP is a Wisconsin limited liability company with its principal office located at 2266 North Prospect Avenue, Suite 608, Milwaukee, Wisconsin 53202.

2. SXP is a high-frequency trading firm that employs a proprietary, mathematical, model-based trading strategy to trade on all the major equity stock exchanges in the United States.

3. SXP employs quantitative finance mathematicians and computer programming experts so that its trading is automated and run by a computer program, with minimal human intervention during trading activity.

4. This type of high frequency trading strategy seeks to make miniscule profits on thousands of securities trades per day. These thousands of trades entail millions of shares traded each day.

5. Plaintiff Mamalakis is an adult Wisconsin resident who resides at 7800 N. Lake Drive, Fox Point, Wisconsin 53217. Mamalakis is the managing member of SXP and its majority owner.

6. Defendant Vitaliy Godlevsky ("Godlevsky") is an adult Wisconsin resident who resides at 6198 Congress Drive, West Bend, Wisconsin 53202. Godlevsky is a quantitative finance mathematician with a doctorate degree in Physics. At the time of the wrongful conduct alleged in this Complaint, Godlevsky was performing work for SXP as a quantitative finance mathematician. However, since approximately February 24, 2011, he has not been affiliated with SXP in any way.

**JURISDICTION AND VENUE**

7. The Court has jurisdiction over Godlevsky, a Wisconsin resident, pursuant to Wis. Stat. § 801.05(1)(b).

8. Venue is proper in Milwaukee County pursuant to Wis. Stat. § 801.50(2)(a) and (c).

## FACTS

9. From approximately 2001 through March 2007, Godlevsky was employed by Quantlab Financial, LLC ("Quantlab") as a quantitative research mathematician. Quantlab describes itself as one of a few substantial, high-frequency proprietary trading organizations based outside of a world market center such as New York, Chicago, or London. It claims to use a proprietary trading strategy and proprietary trading technology in its business developed by mathematicians and computer programmers.

10. Quantlab terminated Godlevsky's employment on or about March 9, 2007.

11. On our about that same day, Quantlab terminated another of its quantitative research mathematician employees named Andrew Kuharsky ("Kuharsky").

12. In April 2007, Mamalakis first met Godlevsky. Subsequently, Godlevsky introduced Mamalakis to Kuharsky.

13. In or about July 2007, Mamalakis, Godlevsky, and Kuharsky agreed to form a limited liability company to initially collect and analyze stock market data, with the potential to eventually conduct high frequency trading of stocks.

14. SXP was formed by the filing of articles of organization with the Wisconsin Department of Financial Institutions on July 11, 2007.

3

15. At the time of SXP's forming, Mamalakis, Godlevsky and Kuharsky all agreed that no Quantlab computer code, computer files or other potentially confidential or proprietary Quantlab information would be used in the course of SXP's business. Godlevsky specifically represented that he did not possess Quantlab computer code or computer files and would not use any Quantlab computer code, computer files or other confidential and proprietary information in the course of SXP's business.

16. Mamalakis relied on these representations in agreeing to participate in SXP and invest substantial amounts of his time and money in the business.

17. In or about January 2008, Kuharsky quit SXP and surrendered any ownership interest he had in the company for the return of money he paid into the company. Mamalakis, Godlevsky and Kuharsky signed a separation agreement and release.

18. In the agreement, each of them, including Godlevsky, re-affirmed the prior agreement that they would not use any confidential information or other intellectual property of Quantlab or any other third party. Specifically, Godlevsky represented the following:

> "Mr. Godlevsky represents that he has not knowingly, directly or indirectly, in any capacity involving any of the SXP Parties, taken or used any confidential information or other intellectual property of a third party in violation of such third party's rights in such property."

4

19. Mamalakis relied on these representations in agreeing to participate in SXP and invest substantial amounts of his time and money in the business. The Company also continued to pay Godlevsky in reliance on his representations.

20. In March 2008, the FBI executed a search warrant on SXP's Houston office and seized all of SXP's computers and related equipment, among other items. Following the seizure, Quantlab has alleged that the Government's investigation found Quantlab computer code or files on an SXP computer. On information and belief, Godlevsky was responsible for loading those Quantlab computer code or files onto Godlevsky's SXP computer, and he subsequently accessed some of those files.

21. As a result of Godlevsky's mis-conduct, SXP has been and continues to be the subject of a criminal investigation and potential target for indictment.

22. In addition, in December 2009 Quantlab initiated litigation in Texas federal court against SXP and Mamalakis, at least in part, as a result of the same conduct by Godlevsky.

23. Although SXP believes that none of the Quantlab computer files are trade secrets or contain trade secrets and SXP has never used or benefitted from those files in any way, the on-going government investigation and Quantlab lawsuit have harmed SXP and Mamalakis substantially.

24. SXP and Mamalakis have incurred substantial legal defense costs.

25. In addition, the government's criminal investigation has prevented SXP and Mamalakis from establishing an affiliated broker-dealer to execute stock

5

trades. The inability to establish an affiliated broker-dealer has increased SXP's transactional costs substantially.

26. SXP has been unable to attract additional capital investment in the company, preventing the company from expanding its business and profits.

## COUNT I

### (Negligence)

27. Plaintiffs incorporate by reference paragraphs 1 to 26 of the complaint as if set forth fully herein.

28. Godlevsky owed SXP a duty to act with reasonable care and skill in the performance of his work.

29. Godlevsky breached his duty to SXP based on the conduct described in paragraph 27, above.

30. Godlevsky's breach of his duty to SXP has caused millions of dollars in damages to Plaintiffs, including payment of legal expenses defending against the criminal investigation and Quantlab lawsuit, transaction fees that could have been avoided absent Godlevsky's misconduct, and lost profits.

## COUNT II

### (Breach of Duty Not to Commit Willful Misconduct)

31. Plaintiffs incorporate by reference paragraphs 1 to 26 of the complaint as if set forth fully herein.

32. Godlevsky owed SXP a duty to act towards SXP and Mamalakis in good faith and to not commit acts constituting willful misconduct.

6

33. Godlevsky breached his duty based on the conduct described in paragraph 31, above.

34. Plaintiffs were damaged by Godlevsky's breach, as described in more detail in paragraph 30.

## COUNT III

### (Negligent Misrepresentation)

35. Plaintiffs incorporate by reference paragraphs 1 to 26 of the complaint as if set forth fully herein.

36. Godlevsky represented to SXP and Mamalakis that he did not possess Quantlab computer code or computer files and would not possess any Quantlab computer code, computer files or other confidential and proprietary information in the course of SXP's business, and as further described in paragraphs 15 to 19 of the complaint.

37. Godlevsky owed a duty to SXP and Mamalakis to use reasonable care in making these representations.

38. Godlevsky breached this duty because his representations were false or misleading. Godlevsky was at least negligent in making the misrepresentations.

39. Plaintiffs relied upon Godlevsky's representations to their detriment and have incurred substantial damages.

7

## COUNT IV

### (Intentional Misrepresentation)

40. Plaintiffs incorporate by reference paragraphs 1 to 26 of the complaint as if set forth fully herein.

41. Godlevsky represented to SXP and Mamalakis that he did not possess Quantlab computer code or computer files and would not possess any Quantlab computer code, computer files or other confidential and proprietary information in the course of SXP's business, and as further described in paragraphs 15 to 19 of the complaint.

42. Godlevsky's representations were untrue. At the time that Godlevsky made the misrepresentations, he acted with knowledge or acted recklessly without caring whether the representations were true or false.

43. Godlevsky made the statements with an intent to deceive and to induce Plaintiffs to act to their detriment.

44. At the time Godlevsky made the representations, Plaintiffs believed the representations to be true.

45. Plaintiffs relied upon Godlevsky's misrepresentations to their detriment and have incurred substantial damages.

## COUNT V

### (Civil Extortion)

46. Plaintiffs incorporate by reference paragraphs 1 to 26 of the complaint as if set forth fully herein.

8

47. After leaving SXP in or about February 2011, Godlevsky subsequently initiated a lawsuit against SXP and Mamalakis in Texas state court seeking an accounting and unspecified damages in relation to his alleged ownership interest in SXP. In order to extort a more favorable settlement of Godlevsky's claims in his Texas action and the release of Plaintiffs other claims alleged herein, Godlevsky, through his Texas counsel, has threatened to falsely accuse Plaintiffs of committing a criminal offense.

48. Section 943.30(1) of the Wisconsin Statutes provides in relevant part that "Whoever, either verbally or by any written or printed communication, maliciously threatens to accuse or accuses another of any crime or offense . . . with intent thereby to extort money or any pecuniary advantage" is guilty of extortion. Wisconsin recognizes a private right of action under Section 943.30(1). *See Bernegger v. Banks*, 2008 WL 3539777, (E.D. Wis. Aug. 12, 2008); *Elbe v. Wausau Hosp. Ctr.*, 606 F. Supp. 1491 (W.D. Wis. 1985).

49. In the context in which the statements were made, Godlevsky made the threat with malice and with intent to gain a pecuniary advantage over Plaintiffs.

50. Plaintiffs have been damaged and would be damaged in the future if Godlevsky continues to make these, or similar, false statements.

9

WHEREFORE, Plaintiffs respectfully request that judgment be entered in its favor and against defendant Godlevsky and that it be granted the following relief:

(a)  Damages, including punitive damages, in an amount to be determined at trial, together with interest, costs and any awardable attorneys' fees;

(b)  A permanent injunction prohibiting Godlevsky from threatening to falsely accuse Plaintiffs of committing a crime or offense;

(b)  Such additional relief as the Court deems just and appropriate.

Dated this 2nd day of November, 2011.

| | |
|---|---|
| Reinhart Boerner Van Deuren s.c.<br>1000 North Water Street, Suite 1700<br>Milwaukee, WI 53202<br>Telephone: 414-298-1000<br>Facsimile: 414-298-8097<br><br>Mailing Address:<br>P.O. Box 2965<br>Milwaukee, WI 53201-2965 | David G. Hanson<br>WI State Bar ID No. 1019486<br>dhanson@reinhartlaw.com<br>Mark A. Cameli<br>WI State Bar ID No. 1012040<br>Ryan S. Stippich<br>WI State Bar ID No. 1038045<br>rstippich@reinhartlaw.com<br><br>BY _____<br>Attorneys for Plaintiffs SXP Analytics, LLC and Emmanuel M. Mamalakis |

REINHART\7802383_3

10