UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| QUANTLAB TECHNOLOGIES LTD. (BGI) AND QUANTLAB FINANCIAL, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> VITALIY GODLEVSKY, ANDRIY KUHARSKY, ANNA MARAVINA, PING AN, EMMANUEL MAMALAKIS, AND SXP ANALYTICS, LLC, <br><br> Defendants. | § § § § § § § § § § § § § § § <br><br> CIVIL ACTION NO. H-9-4039 |

**MEMORANDUM AND ORDER**

Now pending before the Court is a portion of the Motion to Dismiss and Strike filed by Plaintiffs Quantlab Technologies Ltd. (BGI) and Quantlab Financial, LLC (collectively, "Plaintiffs" or "Quantlab").[1] After considering the motion, all responses thereto, and the applicable law, the Court concludes that the remainder of Quantlab's motion must be denied.

**I.    BACKGROUND**

Plaintiffs comprise a quantitative financial research firm that claims to have highly valuable proprietary trade secrets in the form of trading strategies and technology. In Quantlab's Second Amended Complaint (the "Complaint"), it brings claims against six

---

[1] Much of this motion was resolved orally by the Court at the hearing held on July 3, 2012.

1

defendants: (1) Vitaliy Godlevsky; (2) Andriy Kuharsky; (3) Anna Maravina; (4) Ping An; (5) Emmanuel Mamalakis; and (6) SXP Analytics, LLC ("SXP"). (Doc No. 125.)

In their February 20, 2012 Amended Answer, Defendants SXP and Mamalakis bring counterclaims against Quantlab for malicious prosecution, defamation, and tortious interference with prospective business relationships. (Doc. No. 145 ¶¶ 69-88.) The Court has orally dismissed Defendants' defamation and tortious interference counterclaims. Now pending before the Court is Quantlab's Motion to Dismiss Defendants' malicious prosecution counterclaim.

## I.     LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a plaintiff's pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), a defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.*, 2006 WL 2870972, at *2 (5th Cir. Oct. 9, 2006) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1203 (3d ed. 2004)).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Ultimately, the question for a court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 129 S. Ct. at 1950. The court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

**II.   ANALYSIS**

A claim for malicious prosecution requires proof of seven elements: (1) a criminal action was commenced against the plaintiff; (2) the prosecution was caused (initiated or procured) by the defendant or with his aid; (3) the action terminated in the plaintiff's

favor; (4) the plaintiff was innocent; (5) the defendant acted without probable cause; (6) the defendant acted with malice; and (7) the criminal proceeding damaged the plaintiff. *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 813 n.6 (5th Cir. 2010); *accord Kroger Texas Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 792 n.3 (Tex. 2006). Quantlab moves to dismiss Defendants' malicious prosecution counterclaim on the basis that they fail to allege the first and fourth elements of a malicious prosecution claim—namely, the commencement of a criminal prosecution against them and their innocence.

### A.  Criminal Action Commenced Against Defendants

Defendants SXP and Mamalakis allege that a criminal prosecution was commenced against them "when the search warrant was issued and lasted for over three-and-one-half years." (Doc. No. 145 ¶ 71.) Quantlab contends that this allegation fails to satisfy the first element of a malicious prosecution claim because the issuance of a search warrant is merely investigatory, and cannot be considered the commencement of a criminal prosecution.

As Quantlab points out, courts in Texas have held that investigation and interrogation alone are insufficient to support a malicious prosecution claim. *Howard v. White*, 05-01-01036-CV, 2002 WL 1470071, at *6 (Tex. App. July 10, 2002, no pet.) (granting summary judgment for defendant on malicious prosecution counterclaim because investigation by Child Protective Services was not a criminal prosecution); *Thompson v. City of Galveston*, 979 F. Supp. 504, 509 (S.D. Tex. 1997) (dismissing malicious prosecution claim because "[m]ere interrogation . . . does not constitute 'prosecution' for that crime"). At issue here is whether a search warrant is merely an

investigation, or whether it can qualify as the commencement of a criminal action so as to support a claim for malicious prosecution.

Quantlab urges the Court to rely upon the Restatement (Second) of Torts, which Texas courts typically follow in delineating the scope of malicious prosecution. *Rhodes v. Prince*, 273 F. App'x 328, 329-30 (5th Cir. 2008). The Restatement makes clear that criminal proceedings are instituted when: "(a) process is issued for the purpose of bringing the person accused of a criminal offense before an official or tribunal whose function is to determine whether he is guilty of the offense charged, or whether he shall be held for later determination of his guilt or innocence; or (b) without the issuance of process an indictment is returned or an information filed against him; or (c) he is lawfully arrested on a criminal charge." Restatement (Second) of Torts § 654(2) (1977).

The issue of search warrants is addressed in a comment to Section 654 of the Restatement. Comment C to Section 654, titled "The service of an issued warrant or other process is not necessary," offers two cases in which courts found allegations that a defendant procured a search warrant to be sufficient to allege that a criminal prosecution was commenced. Restatement (Second) of Torts § 654(2) cmt. c (1977) (citing *Hardin v. Hight*, 153 S.W. 99, 101 (Ark. 1913) ("[P]rocuring the issuance of a search warrant maliciously and without probable cause will support an action for damages for malicious prosecution."); *Olson v. Haggerty*, 124 P. 145, 147 (Wash. 1912) ("It is familiar law that search proceedings, when maliciously instituted or prosecuted without probable cause, may be made the basis of an action for malicious prosecution.")). Quantlab appears to urge that these cases are distinguishable because they are not from within this jurisdiction. The cases are, however, cited within the very Restatement from which

Quantlab asks the Court to take its guidance. After considering these cases, the Court concludes that the issuance of a search warrant is not per se insufficient to qualify as the commencement of criminal proceedings. If there are facts suggesting that the issuance of the search warrant did not commence criminal proceedings *in this case*, the Court will consider such facts at the appropriate time. At this stage, the Court finds Defendants' allegations to be sufficient.

### B. Defendants' innocence

Defendants SXP and Mamalakis allege that, "[f]ollowing a 'thorough criminal investigation' by the FBI and an 'extensive' review by the United States Attorney's Office," Defendants "were formally exonerated." (*Id.* ¶¶ 69-72.) Quantlab contends that these statements are insufficient to allege innocence and urges the Court to heed the Texas Supreme Court's admonition that "[e]ven a small departure from the exact prerequisites for liability may threaten the delicate balance between protecting against wrongful prosecution and encouraging reporting of criminal conduct." *Browning- Ferris Indus., Inc. v. Lieck*, 881 S.W.2d 288, 291 (Tex. 1994).

Defendants contend that their allegations of exoneration are sufficient to plead innocence. However, the cases cited by Defendants in support of this proposition are inapposite. The first case Defendants cite discusses the requirement that a plaintiff plead favorable termination of the prosecution, which is separate from the requirement that the plaintiff plead innocence. *See Zello v. Glover*, 59 S.W.2d 877, 878 (Tex. Civ. App. 1933) ("What constitutes a favorable termination to a prosecution is the question that we must answer on this appeal."). The second case, which includes little analysis, makes a very general statement not clearly directed to any particular element of malicious prosecution.

*Headly v. State*, 125 S.W. 27, 28 (Tex. App. 1910) ("If [an] accused [is] not then indicted, it would be assumed and presumed that no violation of law had been committed by him."). Defendants clearly have alleged that the purported malicious prosecution terminated in their favor. They have failed, however, to allege their innocence, which they must do in order to state a claim for malicious prosecution. The Court finds it appropriate to grant Defendants leave to amend their counterclaim to add allegations of innocence.

### III. CONCLUSION

For the foregoing reasons, Quantlab's Motion to Dismiss the malicious prosecution counterclaim filed by Defendants SXP and Mamalakis is **DENIED**. Defendants SXP and Mamalakis may amend their malicious prosecution counterclaim to add allegations of innocence. Defendants' Amended Answer should be filed no later than July 13, 2012.

**IT IS SO ORDERED.**

**SIGNED** this 3rd day of July, 2012.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE