UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **QUANTLAB TECHNOLOGIES LTD.** | § | |
| **(BVI)**, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:09-CV-4039 |
| | § | |
| **VITALIY GODLEVSKY**, *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

On March 24, 2015, the Court held argument on pending motions. For the reasons set forth on the record at the hearing, the Court made the following rulings:

1. Defendant Emmanuel Mamalakis's Motion for Summary Judgment on All Claims (Doc. No. 544) is **DENIED**;

2. Plaintiffs' Motion for Partial Summary Judgment Against SXP for Liability for Tortious Interference with Existing Contract (Doc. No. 580) is **GRANTED**;

3. Defendant Vitaliy Godlevsky's Motion for Partial Summary Judgment Based on Preemption (Doc. No. 660) is **DENIED**; and

4. Plaintiffs' Motion for Summary Judgment on Defendant Vitaliy Godlevsky's Counterclaims (Doc. No. 574) is **GRANTED**.

The Court also heard argument on Defendants Andriy Kuharsky and Anna Maravina's Motion for Partial Summary Judgment on Claim for Unjust Enrichment Damages (Doc. No. 558) and the same Defendants' Motion for Partial Summary Judgment on Claim for Avoided Costs and Reasonable Royalty Damages (Doc. No. 600). Having considered the submissions of the parties and the arguments presented at the hearing, the Court concludes that both motions must be **DENIED**.

In their unjust enrichment motion, Defendants Kuharsky and Maravina object that they should not be held liable for damages measured by the amount of profits that flowed to SXP because these Defendants have no profits to disgorge. This argument is unavailing. If Defendants are found liable for civil conspiracy, they will be jointly and severally liable "for actual damages resulting from acts in furtherance of the conspiracy." *In re Enron*, 623 F. Supp. 2d 798, 813 (S.D. Tex. 2009) (citing *Carroll v. Timmers Chevrolet*, 592 S.W.2d 922, 925 (Tex. 1979)). The fact that SXP was incorporated as an LLC does not necessarily shield Kuharsky and Maravina from liability. If co-conspirators form a corporation as part of a preexisting scheme to steal trade secrets, the individual co-conspirators and the corporation can all be held liable for participating in a conspiracy to damage the original holder of the trade secret. *See Lamont, et al. v. Vaquillas Energy Lopen Ltd, LLP and JOB Energy Partners II, Ltd.*, 421 S.W.3d 198, 220-222 (Tex. App.—San Antonio 2013). Kuharsky and Maravina assert that they should nonetheless not be liable for any unjust enrichment of SXP because they left the company before SXP earned its profits. But they cite no authority for that proposition. Furthermore, in the trade secrets context, where the standard for measuring damages is flexible, the defendant's unjust enrichment is used as a measure of "actual damages," not as a purely equitable remedy. *See Carbo Ceramics, Inc. v. Keefe*, 166 Fed. Appx. 714, 722 (5th Cir. 2006).

As to the avoided costs and reasonable royalty damages, Defendants' primary complaint — apart from the conspirator liability issue discussed above — is that that Plaintiffs' expert, Walter Bratic, overestimates the value of the Quantlab Trade Secrets that were allegedly misappropriated. Bratic used the cost of development of Quantlab's entire trading strategy and trading technology to estimate SXP's avoided costs and a reasonable royalty. Defendants argue that this was inappropriate because SXP had only some of Quantlab's files and other trade

secrets, and because most of those files were lost in the FBI raid. But given the scope of spoliation in the case, as well as Quantlab's evidence that SXP lost much less than it has claimed in the FBI raid, the Court cannot conclude that Bratic's estimates are unreasonable as a matter of law. To the extent that Kuharsky and Maravina are concerned that spoliation by co-defendants will be imputed to them, those issues will be taken up at the hearing on sanctions and the spoliation instruction that is currently set for April 8.

The Court reserves the remaining dispositive motions pertaining to Quantlab's Computer Fraud and Abuse Act claims against Kuharsky and Maravina for a later decision, after the parties file additional submissions on the schedule set out at the hearing.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on the 25th of March, 2015.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE