UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUANTLAB TECHNOLOGIES LTD. (BGI) AND QUANTLAB FINANCIAL, LLC, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:09-cv-4039 |
| VITALIY GODLEVSKY, ANDRIY KUHARSKY, ANNA MARAVINA, PING AN, EMMANUEL MAMALAKIS, AND SXP ANALYTICS, LLC, | § § § § § § | |
| Defendants. | § § | |

## MEMORANDUM & ORDER

Pending before the Court are three motions to reconsider some of its summary judgment rulings in this complex and long-running trade secrets case. Defendant Emmanuel Mamalakis asks the Court to revisit its decision to grant summary judgment to Plaintiffs[1] on their copyright claim against him. (Doc. No. 692.) Mr. Mamalakis also asks for reconsideration of the denial of his own motion for summary judgment. (Doc. No. 696.) And Defendants Andriy Kuharsky and Anna Maravina ask for reconsideration of the Court's ruling on Plaintiffs' ability to seek unjust enrichment damages from them. (Doc. No. 702.) Having considered the submissions of the parties and the applicable law, the Court hereby **DENIES** the motions.

I.  BACKGROUND

Previous decisions of this Court discuss the background to this case and the litigation history. *See, e.g., Quantlab Technologies Ltd. (BGI) v. Godlevsky*, No. 4:09-cv-4039, 2014 WL

---

[1] Plaintiffs are Quantlab Technologies Ltd. (BGI) and Quantlab Financial LLC, hereinafter "Quantlab."

651944 (S.D. Tex. Feb. 19, 2014). Beginning in fall 2014, the parties filed dispositive motions addressing nearly every issue in the case. (Doc. Nos. 537, 544, 548, 551, 558, 574, 578, 579, 580, 595, 600, 627, 660, and 662.) After reviewing the extensive briefing and hearing the arguments of the parties, the Court disposed of the majority of these motions in oral rulings made on the record at hearings on January 30, 2015, and March 24, 2014. The remaining motions were resolved in the Court's Memorandum & Order of April 15, 2015. (Doc. No. 699.) Defendants Mamalakis, Kuharsky and Maravina now move the Court for reconsideration of three of its rulings. (Doc. Nos. 692, 696, and 702.)

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004). Rule 54(b) allows a court to revise an interlocutory order any time prior to the entry of judgment adjudicating all the claims and all the parties' rights and liabilities. An order granting or denying partial summary judgment is an interlocutory order. *See May v. Mississippi Dept. of* Corerctions, 531 Fed. Appx. 464, 468 (5th Cir. 2013). Motions for reconsideration from interlocutory orders are governed by the standards for Rule 59(e) motions. *See Thakkar v. Balasuriya*, No. H-09-0841, 2009 U.S. Dist. LEXIS 82218, at *1 (S.D. Tex. Sept. 9, 2009).

A motion under Rule 59(e) must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Motions under Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Id.* In considering a motion for reconsideration, a court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just

decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

## III. ANALYSIS

### A. Quantlab's Motion for Summary Judgment on Mamalakis's Copyright Liability

Mr. Mamalakis asks the Court to reconsider its decision to grant summary judgment to Quantlab on its claim of vicarious copyright liability against him. A corporate officer such as Mr. Mamalakis can be vicariously liable for copyright infringement if he "has a financial stake in the infringing activity and can supervise the activity causing the infringement." *Yesh Music v. Lakewood Church*, No. 4:11-cv-03095, 2012 WL 524187, at *6 (S.D. Tex. Feb. 14, 2012). Mr. Mamalakis does not dispute that, as a co-owner and the principal funder of SXP, he had a financial stake in the infringing activity. However, he argues that he was not able to supervise the activity causing the infringement.

Mr. Mamalakis's sole piece of evidence that he was unable to supervise the activities of the code department of his company is his testimony that he relied on the representations of his co-Defendants Vitaliy Godlevsky and Andriy Kuharsky that they did not have any Quantlab code. *See* Mamalakis Decl., Doc. No. 544-1. However, the relevant inquiry is whether he "has the ability" to supervise the infringing activity, not whether he actually knew of or encouraged the infringing activity. *See Southern Bell v. Associated Telephone Directory*, 756 F.2d 801, 811 (11th Cir. 1985). And on that point, the evidence is uncontroverted. Indeed, many of the depositions that Mr. Mamalakis cites in support of his motion for reconsideration actually make it clear that he had the ability to supervise the activities of the company coders, and that he actually did so. Corwin Joy testified that Mr. Mamalakis personally terminated Mr. Joy, telling him that the company had decided to "go in a different direction" regarding its code

3

development. Joy Dep., Doc. No. 570-3 at 55:22. Mr. Joy also testified that Mr. Mamalakis had personally instructed him to turn over any code he found that was identifiable as being from Quantlab. Joy Dep. at 54-55:24-7. Likewise, Steve Lavdas testified in deposition that he spoke with Mr. Mamalakis on at least one occasion regarding the company's approach to developing its code. Lavdas Dep., Doc. No. 570-6 at 40:12-23.

There is abundant evidence that Mr. Mamalakis was not an absentee investor in SXP but was in fact in a position to supervise the activities of its employees, including those who worked on the coding operations. None of Mr. Mamalakis's evidence raises a question of material fact sufficient to defeat summary judgment. Accordingly, the Court will not disturb its prior judgment holding Mr. Mamalakis liable for the copyright infringement at SXP.

**B.    Mamalakis's Motion for Summary Judgment on All Claims**

Next, Mr. Mamalakis asks the Court to reconsider its decision to deny Mr. Mamalakis's motion for summary judgment on the claim that he misappropriated Quantlab's trade secrets.[2] The basis for his motion is that Quantlab has failed to properly disclose which of its trade secrets Defendants allegedly misappropriated. Mr. Mamalakis argues that similarities between the code of SXP and of Quantlab may be the result of code that is available in the public domain, and evidently asks Quantlab to identify which snippets of code it believes are trade secrets. At the summary judgment stage, once the moving party has identified a claim for which there is an absence of evidence to support the nonmoving party's case, the burden shifts to the nonmovant to identify specific evidence and articulate precisely how it supports its claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). Assuming that Mr. Mamalakis — whose motion is notably missing any citations to the record, including Quantlab's allegedly deficient discovery

---

[2] Mr. Mamalakis's original motion sought summary judgment on all claims against him, but the motion for reconsideration addresses only issues relevant to the trade secrets claim.

4

responses — met his initial burden, Quantlab directed the Court to discovery responses and other documents describing the trade secrets in some detail. *See, e.g.*, Plaintiffs' Objections and Answers to Defendants SXP and Mamalakis's Second Set of Interrogatories (Nos. 4-7), Doc. No. 560-12 at 4-7. Mr. Mamalakis's reply makes no effort to respond to this evidence or to show how it is legally insufficient to prove Quantlab's claims. Accordingly, the Court will not disturb its prior ruling denying Mr. Mamalakis's motion for summary judgment on Quantlab's claim that he misappropriated trade secrets.

### C. Kuharsky and Maravina's Motion for Summary Judgment on Unjust Enrichment Damages

Finally, Defendants Kuharsky and Maravina ask the Court to reconsider its ruling that Quantlab may seek to recover unjust enrichment damages from these Defendants. Dr. Kuharsky and Ms. Maravina contend that they are protected from liability for unjust enrichment damages by the intra-corporate conspiracy rule and the statutory limitations on liability for members of an LLC. But Quantlab alleges much more than an intra-corporate conspiracy. First, Ms. Maravina was never associated with SXP at all, and thus cannot be protected by the intra-corporate conspiracy rule. Second, Quantlab alleges that the conspiracy to steal Quantlab's trade secrets arose before the formation of SXP in July 2007, and continued after Dr. Kuharsky left the company. Under Quantlab's theory of the conspiracy, Dr. Kuharsky, Dr. Godlevsky and Mr. Mamalakis formed SXP for their personal gain, and any actions that they took as co-owners of SXP were "for a personal purpose of their own." *Texas-Ohio Gas, Inc. v. Mecom*, 28 S.W.3d 129, 138 (Tex. App.-Texarkana 2000, no pet.). The intra-corporate conspiracy rule protects only agents working solely in a corporate capacity, and thus affords Dr. Kuharsky no protection here. *Id.* If Dr. Kuharsky and Ms. Maravina are found liable for conspiracy, the ordinary rule will apply: A participant in a conspiracy is liable for "all acts done by any of the conspirators in

5

furtherance of the unlawful combination," including all "actual damages" resulting from acts in furtherance of the conspiracy. *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 623 F. Supp. 2d 798, 813 (S.D. Tex. 2009).

## IV. CONCLUSION

For the foregoing reasons, Defendants' motions for reconsideration (Doc. Nos. 692, 696, and 702) are hereby **DENIED.**

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on the 1st of May, 2015.